William McINTOSH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 24, 1963.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., Ronald M. Sullivan, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, William McIntosh, was convicted by the Madison Circuit Court in 1958 as a habitual criminal and was sentenced to life imprisonment. KRS 431.190 (third felony). In 1962 he moved that court to set aside the judgment pursuant to CR 60.02. After a hearing at which he was represented by counsel the court entered findings of fact, conclusions of law and a judgment overruling the motion. This appeal followed.

The alleged grounds for relief, in the order in which we shall discuss them, were that (1) the indictment was invalid, (2) appellant was tried without benefit of the psychiatric report required by KRS 203.340, (3) sentence was pronounced and the judgment of conviction was entered out of term, (4) appellant was deprived of the assistance of counsel at the time of sentencing, and (5) appellant, an indigent, was deprived of the assistance of counsel to take an appeal. It is contended that each of these claimed irregularities was such as to render the judgment void upon one or more theories of state and federal constitutional infringement.

1. The grand jurors impaneled at the May term (1958) of the Madison Circuit Court had served and been paid for one day prior to May 26, 1958, on which date an order was entered directing them to reconvene on May 27, 1958, for the handling of

further business. The clerk's recollection was that they had been excused after completion in one day of all the business before the grand jury, but there was no record of a formal discharge from further service. On May 27, 1958, the grand jury reconvened and, two of its number being unable to serve, two replacement jurors were impaneled as permitted by KRS 29.215. Later in the same day several indictments, including the one now in question, were returned and the grand jury was discharged by an order duly entered of record.

KRS 29.245(1) provides that the grand jury may remain in session six days at any term of court and that its session may be extended up to nine additional days. As a court must speak through its records, it is our view that the grand jury for the May, 1958 term of the Madison Circuit Court had not been discharged prior to May 27. But even if it had, as it had not held sessions in excess of the time authorized by KRS 29.245(1) the court was authorized to call it back at any time before expiration of the term. There is no good reason to construe the statute as meaning that there can be no extension after a discharge. In this respect the discharge of a grand jury before the end of the term is merely tentative. So, the indictment was proper.

2. Appellant was tried before a jury on October 13, 1958, the court having overruled a motion for continuance on the ground that the psychiatric examination required by KRS 203.340 had not been made. On October 16, 1958, Dr. R. H. Hayes, district psychiatrist for the Department of Mental Health, visited him at the Madison County jail, and on the basis of this interview sent to the trial judge a letter under date of October 31, 1958, reporting as follows:

"I examined Mr. William McIntosh on October 16, 1958, and at that time found no evidence of insanity in him. At that time he knew right from wrong, and was considered by me at that time to be capable of acting upon this information.

"In view of the fact that he was discharged from the Armed Services on 4 July 1944 with a certificate of disability discharge, Paragraph 11, I would feel that more information was needed before I could give you a complete report on this man, as there is no question of medical disability. I have written on October 24, 1958 to the Veterans Administration for information regarding this man's discharge and have not received any information from them as of this date. Whether or not their report would influence my decision as to his present condition I am not sure. However, I do consider him capable of being responsible for his present conduct and actions."

Following the trial and verdict of guilty appellant filed motion and grounds for new trial. The record shows that the trial court, knowing of the psychiatrist's visit, delayed ruling on this motion until receipt of the psychiatrist's report on or about November 4, 1958, on which date the motion was overruled, a judgment of conviction was entered, and appellant was sentenced accordingly.

■■ Despite the mandatory terminology of KRS 203.340, this court has held that non-compliance does not void the judgment. Mercer v. Commonwealth, Ky.1961, 346 S.W.2d 761. Nevertheless, if the defendant is indigent, as he was in this case, and KRS 203.340 affords the only real avenue by which he can have the benefit of a psychiatric examination, we recognize that a denial of it might well raise a question under the Equal Protection Clause of the 14th Amendment. But when the defendant does receive the examination before final judgment is entered, and it reveals nothing that could have been of any consequence to his trial or defense, we think there has been a substantial compliance with the statute. Cf. Harrod v. Commonwealth, 1950, 311 Ky. 810, 226 S.W.2d 4.

In deferring action on the motion for new trial the court tacitly recognized that if the report should suggest any basis for an

insanity defense, or indicate that the appellant had been mentally incapable of standing trial, the motion would have to be sustained. As it happened, however, the report made it abundantly clear that its availability prior to or at the time of the trial would have been of no benefit whatever in appellant's defense. Hence there has been no violation of his rights.

■ 3. At the time the psychiatrist's report was received the October 1958 term of the Madison Circuit Court had expired. November 4, 1958, the day on which the order overruling the motion for new trial and the judgment were entered, was out of term. However, KRS 23.150 specifically authorized the court "to make or direct in vacation or term time at his chambers, at the circuit clerk's office or at any other place in any county in the district, any order, rule, or judgment in any proceeding on the criminal docket, upon reasonable notice to the parties, except where trial by jury is called for or ordered by the court." We find no error in this respect.

4. Sections 285 and 286 of the Code of Criminal Practice, which were in force in 1958,[1] required that a defendant found guilty of a felony be brought into court, informed of the nature of the indictment, his plea and the verdict thereon, and asked if he had any legal cause to show why judgment should not be rendered against him; and that judgment be rendered in his presence. In this case it appears that all of these things were done, albeit since court was not in session the ceremony took place in the office of the circuit court clerk, which

we do not consider to have been improper. However, neither of appellant's assigned counsel, who had represented him ably in the preparation and conduct of his trial and the preservation of his rights by motion and grounds for new trial, was present on this occasion. Whether their presence was requested by appellant is not disclosed by the record.

■ The right to counsel in criminal prosecutions in this state is secured by Const. § 11. It is guaranteed also by the Due Process Clause of the 14th Amendment. Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The defendant must not be denied a reasonable opportunity to have counsel "at every step in the progress of the trial." Temple v. Commonwealth, 1879, 77 Ky. (14 Bush) 769, 29 Am.Rep. 442; Wilcher v. Commonwealth, 1944, 297 Ky. 36, 178 S.W.2d 949; Carver v. Commonwealth, Ky.1953, 256 S. W.2d 375, 49 A.L.R.2d 616; Powell v. Commonwealth, Ky.1961, 346 S.W.2d 731. In Wilcher, Carver and Powell it was held directly that the return of the verdict by the jury is a vital step at which the defendant is constitutionally entitled to have counsel present. Whether the same right exists at the pronouncement of judgment by the court seems not to have been determined in this state, though it has been variously decided in other jurisdictions.[2]

■ Kentucky is one of the few states in which the degree of punishment is required to be fixed (within statutory limits) by the jury rather than the court,[3] and this, we think, is the most significant single

1. They are now superseded by RCr 11.02.

2. See Annotation, Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief, 20 A.L.R.2d 1240.

3. Criminal Code of Practice, § 258, now RCr 9.84. With various exceptions, Arkansas, Indiana, Missouri, Montana, Oklahoma, Tennessee, Texas and Virginia also provide that where the case is tried by a jury, the jury may or must assess the

punishment, though in Indiana and Tennessee most verdicts apparently are subject to the provisions of indeterminate sentence statutes. See §§ 43–2145, 43–2306, Arkansas Statutes; §§ 9–1819, 9–1820, 9–1821, Annotated Indiana Statutes; §§ 546.410, 546.430, Missouri Revised Statutes; §§ 94–7411, 94–7412, Revised Code of Montana; Title 22, §§ 926, 927, Oklahoma Statutes; § 40–2707, Tennessee Code Annotated; Art. 693, Vernon's Texas Code of Criminal Procedure; and § 19.1–291, Code of Virginia.

circumstance bearing on the question of what fundamental fairness demands at the stage of formal sentencing. When the court has no discretion with respect to assessing punishment, the allocution and pronouncement of sentence are more ceremony than substance. In this state "it is a common practice to enter the judgment on the order book and later to have the defendant brought into court and sentenced formally." Lovelace v. Commonwealth, 1941, 285 Ky. 326, 147 S.W.2d 1029, 1033. The substance is what goes in the book. It is not necessary even that the defendant himself be present for that. If there are any reasons why judgment should not be rendered in accordance with the verdict, other than mental incapacity that has intervened in the interim, the defendant has had ample opportunity to present them by motion for new trial or for probation.[4] We hold that the allocution and formal pronouncement of sentence in the defendant's presence were not constitutional rights, but statutory procedures only.[5] From a constitutional standpoint, it was sufficient that he had due and timely notice of the entry and import of the judgment and a reasonable opportunity to question it by appropriate motion.

■ The conclusion to be drawn from what we have said in this respect is that if the appellant was prejudiced by the manner in which the sentence was adjudged and pronounced, the judgment at most was erroneous, and a motion under CR 60.02,[6]

supported by a showing of substantial grounds for relief, was the proper remedial approach. If, therefore, appellant had a good and sufficient cause (for example, that there was reasonable ground for believing that he was then insane, cf. Criminal Code of Practice, § 287) to forestall the judgment in 1958 and was unable to present it because he did not have the assistance of counsel, it was incumbent on him to show it in this proceeding. He has not done so.

■ 5. We come now to the final and most nettlesome problem in the case. Appellate review, as such, in criminal cases is not a constitutional right. Rutherford v. Commonwealth, 1880, 78 Ky. 639, 1 K.L.R. 410; Miller v. Commonwealth, 1907, 127 Ky. 387, 105 S.W. 899, 32 K.L.R. 249. But when a statute authorizes an original appeal as a matter of right,[7] the Equal Protection Clause of the 14th Amendment guarantees an indigent defendant the assistance of counsel in prosecuting it. Douglas v. California, 1963, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811.

Though a motion to vacate or set aside certainly could not be an appropriate remedy for an unconstitutional denial of the right of appeal[8] from the judgment, since the question is of first impression in our jurisdiction we shall nevertheless treat this appeal as tantamount to an application under Const. § 110 for appropriate relief.[9]

---

4. The latter would not have been applicable in this instance, since a life sentence cannot be probated. KRS 439.260.

5. Parsley v. Commonwealth, Ky.1954, 272 S.W.2d 326, is distinguishable because it involved a plea of guilty and the quantum of punishment lay in the discretion of the court, per Criminal Code of Practice, § 258.

6. Cf. Harris v. Commonwealth, Ky.1956, 296 S.W.2d 700.

7. As Criminal Code of Practice § 334 did in this case. See present KRS 21.-140(1).

8. The denial of counsel would, of course, amount to a frustration of the right of appeal itself.

9. Since appellant now has counsel, there is no occasion for mandamus to compel the appointment of an attorney. His time for appeal having expired, the inherent power of this court under Const. § 110 probably represents the only authority by which he might now secure the equivalent of an original review on the merits.

As heretofore mentioned, appellant had able assistance by court-appointed counsel in the preparation and trial of his case. They followed through with a motion for new trial, and we are given no reason to believe from this record that they would not have prosecuted his appeal had he requested them to do so. At no time did he suggest to the trial court, which had provided their services to him, that they had withdrawn.[10] Though it was held in Gholson v. Commonwealth, 1948, 308 Ky. 82, 212 S.W.2d 537, that the mere failure of the defendant to ask for counsel could not be regarded as a waiver of the right, that was at the trial stage, where the defendant had no attorney in the first place. Here the appellant had capable counsel. It was not incumbent on the trial court to wait on him at the county jail lest some need arise that might not otherwise be called to its attention.

The trial court accorded to appellant the right to come to Richmond and to be present and testify in support of the application for relief which is the subject of this discussion. Both of the attorneys who represented him in 1958 reside and practice law in that community, and their testimony was readily available had he desired it. The order overruling his motion for new trial on November 4, 1958, shows that appellant, at his request, was given to and including February 20, 1959, in which to prepare and file a bill of exceptions and transcript of evidence and was directed to be kept in the Madison County jail unless and until failure to perfect an appeal. His testimony in support of the motion now before us contains no suggestion that during the time he remained in the jail at Richmond he made any attempt to send word to the trial judge apprising him of a need for counsel.

The right of counsel on appeal stands on a different footing, not only constitutionally[11] but as a practical matter, from the right to counsel during earlier stages of a criminal proceeding. An appeal is not a prerequisite to the execution of a sentence, whereas the proceedings leading up to and including a judgment are. The right to a fair trial is primary and fundamental. A right of review is secondary, and exists only as an added safeguard against denial of the primary right. The obligation of the state to see that the defendant receives a fair trial is absolute; to provide him an appellate review is optional. That due process compels the court affirmatively to advise a defendant of his right to counsel at the trial stage does not lead to a conclusion that he must also be thus advised at the appellate stage. "Equal protection" gives to the indigent defendant a right to counsel and to a transcript of the record on appeal if he requests it. In the absence of such a request it does not, in our opinion, oblige the court either to initiate an inquiry or to extend an invitation to appeal.

As the record shows no proof to sustain a finding that appellant was denied the right of counsel to assist him in prosecuting an appeal from the judgment entered on November 4, 1958, he is not entitled to relief in this proceeding.

The judgment from which this appeal was taken is affirmed.

10. As we have no statute covering appointment of counsel, there are no definite lines of demarcation establishing at what stage the indigent defendant's entitlement arises and at what point assigned counsel's duties pursuant to the appointment end.

11. Equal protection vis-a-vis due process.