**Esther PATRICK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1969.

REED, Judge.

Esther Patrick was convicted of the offense of willful and malicious shooting and wounding with intent to kill. This is an attempted appeal of that conviction.

The first notice of appeal filed in the circuit court on February 7, 1968, undertakes to appeal from an order forfeiting defendant's appearance bond and ordering that a bench warrant be issued. The second notice of appeal filed in the circuit court on March 5, 1968, undertakes to appeal from an order overruling a "motion to set aside the judgment of conviction." The Commonwealth has moved to dismiss this appeal.

The statement of appeal filed in this court shows that the appeal here is neither from the order forfeiting bond nor from the order overruling the "motion to set aside the judgment of conviction," but on the contrary is from a judgment sentencing appellant in accordance with the jury verdict entered in the trial court February 14, 1968. No notice of appeal from that judgment was ever filed in the circuit court and the defendant has remained free on bond. The attempted appeal here has not been prosecuted in accordance with requirements of RCr 12.52 and must be dismissed. Sherley v. Commonwealth, Ky., 413 S.W.2d 627.

We may add that the only error asserted by present counsel for appellant who did not represent her at the trial is

that an erroneous instruction was given to the jury. Our examination of the record discloses that the objection to the instruction asserted here was not lodged in the trial court either by objection for the ground urged here for the first time or in the motion for a new trial or in the "motion to set aside judgment." Therefore, it appears that this error, if any, could not be raised for the first time in this court even if the appeal had been prosecuted in accordance with RCr 12.52. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861; Napier v. Commonwealth, Ky., 426 S.W.2d 121.

This appeal is dismissed.

All concur.