**Donald Ray POLSGROVE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1969.

As Modified on Denial of Rehearing
May 2, 1969.

Donald Ray Polsgrove, pro se, James H. Polsgrove, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Donald Ray Polsgrove appeals from an order overruling a motion under RCr 11.42 to vacate his conviction of armed robbery for which he was sentenced to life imprisonment.

It appears that Donald Ray Polsgrove and Charles Robbins were tried jointly for armed robbery of a Louisville liquor store and a judgment of conviction was entered as to Polsgrove on May 9, 1966. A transcript of this joint trial was filed in this court on an attempted direct appeal by Polsgrove and we have examined this transcript.

So far as is pertinent to the disposition of this case, it appears that Polsgrove and Robbins were positively identified by the victim of the robbery, Ernest M. Wallshield. Wallshield, the proprietor of the liquor store, testified that Polsgrove handled the pistol and Robbins carried a brief bag in which the money taken from the liquor store was placed. Wallshield also testified that as the two robbers left his store he fired three shots wounding Robbins. It is also undisputed that Robbins was arrested with Polsgrove at Polsgrove's home where a brief bag fitting the description of the one used in the robbery was found. Robbins was in a wounded condition. The prosecution introduced a written statement taken from Robbins after his arrest confessing his own guilt and implicating Polsgrove as the man who handled the gun. We shall later discuss the facts surrounding the introduction of this written statement by the prosecution at the trial of Polsgrove and Robbins.

Polsgrove, at the time of his trial, was represented by employed counsel of his own selection. This same attorney attempted to prosecute a direct appeal from Polsgrove's conviction to this court. We dismissed that

appeal by order and without opinion for the reason that the appeal on its face was from a nonappealable order. This attempted appeal was from an order overruling Polsgrove's motion and grounds for new trial. The notice of appeal filed in the circuit court designated the appeal as being from that order and no notice of appeal from the judgment of conviction was filed in the circuit court. After we dismissed this direct appeal, Polsgrove employed a different attorney who filed petition for a rehearing and the matter was again thoroughly considered by this court. The petition for rehearing was overruled and the appeal stood dismissed.

Later, Polsgrove instituted the current action pursuant to RCr 11.42 for post-conviction relief. The Commonwealth filed a motion to dismiss and the trial judge, after considering the motion on its face with accompanying affidavits and other evidentiary material, denied Polsgrove the relief sought but permitted him to appeal from this disposition in forma pauperis, and we appointed counsel to represent Polsgrove on his current appeal to this court.

The first ground urged by appellant is that the response of the Commonwealth to his motion for post-conviction relief was insufficient and that the trial court should have taken all of the allegations of the motion as confessed and granted Polsgrove a new trial.

■ The Commonwealth opposed appellant's motion and moved to dismiss it. RCr 11.42 provides that an answer may be filed to a motion to vacate judgment, but it does not require it. Ramsey v. Commonwealth, Ky., 399 S.W.2d 473. The first ground urged is without merit.

The second ground urged is that our action in dismissing Polsgrove's direct appeal was error. These contentions were thoroughly presented and considered on the petition for a rehearing. We remain convinced that our disposition of the direct appeal was correct. The able counsel whom

we appointed to represent Polsgrove urges us to clarify the law in respect to proper procedure in prosecuting an appeal from the circuit court to this court of a conviction of a felony. We believe our cases of Boggs v. Commonwealth, Ky., 424 S.W.2d 806; Sherley v. Commonwealth, Ky., 413 S.W.2d 627, and Patrick v. Commonwealth, Ky., 436 S.W.2d 506 (rendered January 24, 1969), clearly establish the proper procedure to effect direct appeal to this court under the provisions of RCr 12.52, RCr 12.54 and KRS 21.140.

Appellant himself argues that if we were correct in dismissing his direct appeal, then he has been denied adequate representation by counsel.

The difficulty with this contention is that at the trial level Polsgrove was represented by employed counsel of his own choice. This same counsel undertook to prosecute an appeal. Other employed counsel also represented Polsgrove in the attempted direct appeal. Hence, the real question is whether or not the mistake or misunderstanding of Polsgrove's employed counsel can be characterized as such incompetent representation as to deprive appellant of his substantial constitutional right to adequate representation by counsel.

It has been held that where a defendant in a criminal case retained counsel of his own choice to represent him, commission by such counsel of what might retrospectively appear to be errors of judgment in the conduct of the defense at the trial does not constitute a denial of due process chargeable to the state. King v. Commonwealth, Ky., 387 S.W.2d 582.

No real complaint is made of the conduct of Polsgrove's defense by his counsel at the trial. The mistake, or misunderstanding, of Polsgrove's counsel had only the result of denying appellate review.

■ Appellate review is a matter of grace and not a matter of right; in criminal cases it is not a constitutional right. However, when a statute authorizes a direct

appeal as a matter of right, an indigent defendant must be afforded the same opportunity as any other defendant to exercise this right. There is no showing in the instant case of any discrimination against Polsgrove so far as the exercise of this right is concerned. See McIntosh v. Commonwealth, Ky., 368 S.W.2d 331. In the instant case, the circumstances of representation of appellant by his employed counsel on the trial level were not such as to shock the conscience of the court or render the proceedings a farce and a mockery of justice. Cf. Rice v. Davis, Ky., 366 S.W. 2d 153. Hence, we hold that the ground urged concerning lack of adequate representation by counsel is without merit.

The next grounds urged for reversal may be grouped together and classified as errors occurring at the trial. Appellant argues that the trial judge should have granted him a separate trial. The right to separate trials was not a common law right or one safeguarded by our Constitution. Smith v. Commonwealth, Ky., 375 S.W.2d 819; Koonze v. Commonwealth, Ky., 378 S.W.2d 804, and Fanelli v. Commonwealth, Ky., 418 S.W.2d 740. The trial court has discretion in ruling upon requests for separate trials. Therefore, since we are here dealing with a matter of discretion and not a substantial constitutional right, any prejudicial error on the trial court's part would render the judgment erroneous but not void. Therefore, the matter cannot be raised or considered in this motion for post-conviction relief under RCr 11.42.

The same problem is presented in appellant's claim that the trial court erred in not declaring a mistrial because of a volunteered statement made by the victim of the robbery. This witness for the prosecution during his testimony on his own volition blurted out a statement that appellant's codefendant, Robbins, had incriminated appellant to the witness in a conversation after the commission of the crime and before the trial. The trial court sustained the objection made to this testimony and at the request of appellant's counsel and the prosecutor admonished the jury in terms satisfactory to appellant, because no objection was ever made to the form of the admonition. Sometime after this occurrence, appellant moved for a mistrial but his motion was overruled. This again impresses us as a matter of possible trial error which could render the judgment erroneous but not void. If, in fact, the trial judge abused his discretion in refusing the mistrial, which we need not decide, we conclude that it is not reviewable in this proceeding.

What we have said concerning the foregoing claims of error applies with like force to the other claims of trial error which appellant concedes can only be considered on direct appeal.

A more serious question is that concerning the admission of the statement of appellant's codefendant. Our examination of the transcript reveals that this statement was introduced without objection by appellant after the Commonwealth agreed to delete his name from it in a manner satisfactory to him.

In Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, the Supreme Court held that it was constitutionally permissible to introduce the confession of one codefendant in a joint trial provided proper admonition was given that it should not be considered evidence against the other codefendant. It is interesting to note that in Delli Paoli v. United States, supra., the appellant claimed error because his name was not deleted. In the instant case, his name was deleted; therefore, it could well be argued that Polsgrove received more protection than Delli Paoli.

In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (decided May 29, 1968), the Delli Paoli case was overruled. The law now appears to be that an accused's right of cross examination secured by the confrontation clause of the Sixth Amendment is violated at his joint

trial with a codefendant who does not testify by the admission of the codefendant's confession inculpating the accused, notwithstanding jury instructions that the codefendant's confession must be disregarded in determining the accused's guilt or innocence. *Bruton* was held applicable to the states and to be applied retroactively. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100. The Supreme Court in *Bruton* did not attempt to prescribe any particular procedure to be followed so as to avoid the consequences of that case. *Delli Paoli* was in effect at the time of appellant's trial. However, the procedure adopted in the trial court at appellant's trial went beyond the requirements of *Delli Paoli*.

■ The statement of the codefendant now attacked was introduced without objection after deletion of references to appellant in a manner satisfactory to him. A more complete excision might have been desirable in the form of the deletion but none was requested. Appellant was positively identified by the victim of the robbery and the incriminating circumstances of his arrest and the evidence found at the time thereof demonstrate that the statement of his codefendant was not a vitally important part of the prosecution's case.

The application of *Bruton* was very recently considered by the Supreme Court in Frazier v. Cupp, 394 U.S. ——, 89 S.Ct. 1420, 22 L.Ed.2d 684 (rendered April 22, 1969). Under the reasoning therein contained, we do not believe that the requirement of *Bruton* was violated in such fashion as to justify postconviction relief under the totality of the circumstances revealed by the record in this case.

The final ground asserted is that the codefendant, Robbins, has retracted his confession incriminating Polsgrove and undertakes to now say that Polsgrove had nothing to do with the crime and that the purpose of his prior incrimination of Polsgrove was to secure the cooperation and good will of the police.

■ The rule is that newly discovered evidence is not ground for relief under RCr 11.42. The matter is properly raised by means of a motion under RCr 10.06, but in this event it must be asserted within one year from the date of the original judgment. See Bell v. Commonwealth, Ky., 395 S.W.2d 784. The original judgment herein was entered May 9, 1966. The motion to vacate undertaking to raise this question of newly discovered evidence was filed April 17, 1968. Hence, even if we treated it as a motion under RCr 10.06, it is not timely filed. Further, it appears that if we indulge appellant further and treat it as timely filed, we are still compelled to deem it insufficient because in view of the positive identification made by the eye witness and other circumstantial evidence, including the circumstances of the arrest, we cannot say that the new testimony of recantation by the convicted codefendant with the problem of his credibility present would probably change the result at a new trial. Under these circumstances, this ground for relief must be likewise denied. See Jennings v. Commonwealth, Ky., 380 S.W.2d 284.

From the foregoing, it is our conclusion that the trial court properly overruled this application for post-conviction relief as being insufficient on its face.

The order appealed from is affirmed.

All concur.