**Granvil E. HOWARD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

Granvil E. Howard, pro se.

John B. Breckinridge, Atty. Gen., Joseph Famularo, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS Commissioner.

Granvil Howard is presently confined in the penitentiary at LaGrange serving a sentence of imprisonment for twenty-one years as the result of his conviction in the Pike Circuit Court of voluntary manslaughter. He filed a motion to vacate the judgment pursuant to RCr 11.42, and the motion was overruled without an evidentiary hearing. This appeal seeks a reversal of the order denying the motion to vacate. Two grounds for reversal are asserted by the appellant: (1) He was denied counsel at his preliminary hearing, and (2) his employed counsel failed to perfect and prosecute an appeal from the original judgment of conviction.

■ There is no merit in the assertion that the conviction should be vacated because of failure to appoint counsel at the preliminary hearing, inasmuch as there was no claim that anything which occurred at the preliminary hearing was used against the appellant at the trial upon the merits. See Trodglen v. Commonwealth, Ky., 427 S.W.2d 577, in which reexamined and reaffirmed our earlier decisions which hold that the failure to appoint counsel at a preliminary hearing is harmless error unless it is affirmatively made to appear that prejudice resulted to the defendant at the trial

on the merits because of such failure. There was no showing that any prejudice resulted from appellant's lack of counsel at his preliminary hearing.

■ As respects the second contention that appellant's counsel failed to perfect and prosecute to this court an appeal from the original judgment of conviction, it is necessary to point out that appellant was represented at his original trial, and in such efforts as were made to perfect an appeal, by counsel whom he had employed —not counsel appointed for him by the court. The record does not inform us why the appeal was not perfected. It does show that a timely notice of appeal from the original judgment was filed, but for reasons unknown to us and not disclosed by the record, that appeal was not perfected. As recently as Polsgrove v. Commonwealth, Ky., 439 S.W.2d 776, we declared that when a defendant is represented by employed counsel and makes no showing that the inadequacy of that counsel at the *trial level* was such as to shock the conscience of the court or render the proceedings farcical and a mockery of justice, he may not complain that the failure of the employed counsel to perfect an appeal results in unconstitutional discrimination against him. We are not disposed to depart from that ruling, as we perceive the rationale of it as expressed in Polsgrove to be sound. There is no hint of any fraud or collusion, nor is there any suggestion that the prosecuting officials or anyone in authority did anything to frustrate Howard's opportunity for appeal. We express no view as to what ruling would obtain in such circumstances. It follows that the trial court was correct in overruling the motion to vacate without an evidentiary hearing, since the record affirmatively disclosed that the asserted failure of counsel to perfect an appeal was leveled against counsel which the appellant had personally employed. It is appropriate to note that we are not to be understood as holding or suggesting that the employed counsel acted improperly in not perfecting the appeal.

The view we express here finds support in State ex rel. Jennings v. Henderson, Tenn.Cr.App., 443 S.W.2d 835, which relies upon, and quotes with approval, the same rule as announced in Davis v. Bomar (C.C.A. 6th 1965) 344 F.2d 84. We adhere to the principles expressed in the cited decisions.

The holding in this appeal is consistent with that in Stinnett v. Commonwealth, Ky., 446 S.W.2d 292 (this day decided) where we directed an evidentiary hearing upon an RCr 11.42 motion in which it was affirmatively charged that counsel appointed for an indigent defendant refused to perfect an appeal merely because the defendant was indigent.

The judgment is affirmed.

All concur.