**Donald Lee BROOKS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Donald Lee Brooks, pro se.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

This is an appeal from a judgment overruling appellant's motion to vacate a judgment under RCr 11.42.

In March 1966, the appellant was convicted in the Jefferson Circuit Court of wilful murder. He was represented by retained counsel. After the trial, notice of appeal was filed but no appeal was perfected. From appellant's argument and exhibits filed with this record, it appears that the reason for failure to prosecute an appeal was the inability of appellant to pay for the record transcript. Yet, he never at any time moved the trial court that he be permitted to prosecute an appeal *in forma pauperis*.

Appellant's notice of appeal from the order overruling his motion to vacate was not timely filed. However, inasmuch as the Commonwealth has waived this procedural question, we shall not dismiss the appeal on that ground.

The gist of appellant's argument is that (1) his attempted direct appeal from the conviction was frustrated because he could not obtain a transcript of the record due to lack of funds; (2) his retained counsel was ineffective in a number of ways; and (3) he was denied an appeal because of the actions of his retained counsel.

The answer to appellant's first point is that no attempt was made by him to perfect an appeal *in forma pauperis*. RCr 12.63 and 11.02(2). Two letters filed

with appellant's motion to vacate sent to him by his retained counsel clearly indicate that appellant was advised that his only apparent remedy was by motion to appeal *in forma pauperis*. But no such motion was filed after appellant and his relatives declined to direct further efforts toward appeal.

Appellant's claim of ineffective assistance of counsel cannot be sustained under the authority of King v. Commonwealth, Ky., 387 S.W.2d 582 (1965); and Polsgrove v. Commonwealth, Ky., 439 S.W.2d 776 (1969). Appellant was chargeable with error of judgment on the part of his retained counsel unless it appears that the efforts of his retained counsel at the trial level were such as to shock the conscience of the court or to render the proceedings a farce and a mockery of justice. Howard v. Commonwealth, Ky., 446 S.W.2d 293 (1969).

The judgment is affirmed.

All concur.