**Donald B. BARTLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 12, 1971.

Donald B. Bartley, pro se.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Donald B. Bartley was convicted of willful murder in the Pike Circuit Court and sentenced to life imprisonment. Employed counsel for Bartley did not perfect an appeal from the judgment of conviction. However, Bartley did file a motion to vacate the judgment pursuant to RCr 11.42. This motion was overruled by the trial court without a hearing. It is from this order that Bartley is now appealing. We affirm.

Appellant's first contention is that failure to provide counsel at the time of his arrest was error and violated his rights as he received no Miranda warnings. This allegation is without merit, as appellant did not allege that anything incriminating against him was obtained or used at the trial after the alleged failure to warn.

Appellant was not arrested until after the indictment had been returned by the grand jury. His allegation that he was entitled to a preliminary hearing is, therefore, without merit. Commonwealth v. Watkins, Ky., 398 S.W.2d 698.

Appellant next alleges that there was insufficient evidence to sustain a conviction and that he was convicted on the basis of false testimony. Insufficient evidence is not a proper ground for RCr 11.-42 relief. Harris v. Commonwealth, Ky., 441 S.W.2d 143. A mere allegation that the evidence was false without any details as to specificity does not constitute a ground for relief. Fields v. Commonwealth, Ky., 408 S.W.2d 638; Hargrove v. Commonwealth, Ky., 396 S.W.2d 75.

Conclusory allegations that appellant was not effectively represented by counsel are not grounds to vacate the judg-

ment unless stated in terms to alert the court of the ineffectiveness of counsel. The allegations of the appellant relative to ineffective counsel are not specific enough to state a ground for relief. Brooks v. Commonwealth, Ky., 447 S.W.2d 614.

Failure of paid counsel to perfect an appeal does not constitute a ground to vacate the judgment under Kentucky law. Howard v. Commonwealth, Ky., 446 S.W.2d 293. Appellant's contention that the trial judge failed to inform him of his right to appeal is without merit because appellant's allegation that he asked his paid counsel to appeal shows that he was fully aware of his right of appeal.

Prior to the trial, appellant moved for, and the trial court granted him a psychiatric examination at a state mental hospital. After an extensive examination, appellant was returned for a jury trial. The trial court determined that appellant was mentally capable to stand trial. The jury heard all of the evidence concerning his mental condition when the crime was committed, and this issue was properly submitted to the jury with appropriate instructions. Under these circumstances, appellant has not made a showing of irregularity, as the jury by its verdict found that he was not insane. Conners v. Commonwealth, Ky., 400 S.W.2d 519.

The judgment is affirmed.

All concur.