**Carl Jackson TROWEL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1971.

Rehearing Denied Dec. 17, 1971.

John Tim McCall, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appeal in this case is from an order overruling Carl Jackson Trowel's RCr 11.42 motion to vacate a judgment sentencing him to 21 years' imprisonment pursuant to a jury verdict finding him guilty of voluntary manslaughter under an indictment charging him with wilful murder. KRS 435.010, 435.020.

The motion to vacate specifies several respects in which it is claimed that Trowel's lawyer, whom he had retained on a fee-paying basis, did not adequately represent him during the proceedings leading to and following the verdict. On this appeal, however, his only contention is that the lawyer's failure to take an appeal from the conviction deprived him unconstitutionally of his right of appeal.

In the hearing held by the trial court on the motion to vacate Trowel acknowledged that he had been duly advised and was aware of his right of appeal, cf. RCr 11.02(2). He said his attorney made an oral motion for probation of the sentence and a written motion for new trial but that they had no face-to-face meetings after he was committed to jail following the overruling of these motions. Meanwhile, he says, he expected the lawyer to perfect an appeal and was never advised to the contrary until after the time for appeal had expired.

The attorney, on the other hand, while admitting he had not visited his client in jail after the hearing on the motion for new trial, testified that before that hearing he told Trowel an appeal would be fruitless, that he also discussed the matter with Trowel's mother and girl friend, "and they told me that they had been in contact with him and explained it; and they told me that they agreed with that and that they were going to work on seeing if they could get him an early parole," etc.

Neither Trowel's mother nor the girl friend testified at the hearing on the motion to vacate. Trowel admitted, however, that they had discussed with him their conversations with the lawyer and had advised him that the lawyer said he was not going to appeal. He was not sure just when he received this information.

The trial court found that Trowel knew of his right to appeal, had the benefit of

counsel of his own choice, and chose to waive the right. It is our opinion that there was sufficient evidence to support that finding. We therefore do not reach the question of whether the principle with respect to denial of the right of appeal applies to counsel employed by the defendant himself in the same manner and to the same extent as it applies to counsel provided by the state. See, however, Howard v. Commonwealth, Ky., 446 S.W.2d 293 (1969); Bartley v. Commonwealth, Ky., 463 S.W.2d 321, 323 (1971); and Brooks v. Commonwealth, Ky., 461 S.W.2d 547 (1970).

The order is affirmed.

All concur.