Jack JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1971.

Jack Johnson, pro se.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

This is an appeal from an order of the Shelby Circuit Court overruling, without a hearing, the appellant's RCr 11.42 motion.

■ Two of the grounds—illegal arrest and insufficiency of evidence—are not the basis for post-conviction relief under RCr 11.42. Morgan v. Commonwealth, Ky., 399 S.W.2d 725 (1966); Bartley v. Commonwealth, Ky., 463 S.W.2d 321 (1971).

■ Appellant's contention that he was denied a fair trial in May 1971, because of racial prejudice, is supported by nothing more than the allegation that he was tried with two white persons and that, although the evidence was insufficient to convict him of knowingly receiving stolen property, the jury probably didn't want to convict the white couple and let the black man go free. Such an unsupported allegation appears insufficient.

■ Appellant further contends that he was denied effective assistance of counsel and was denied the right to appeal. Appellant was represented by retained counsel. Although we do not have the record of the trial before us, the circuit court, upon reviewing the record, found that Mr. Johnson had been well represented. Appellant is chargeable with error of judgment on the part of his retained counsel unless it appears that the efforts of his retained counsel were such as to shock the conscience of the court or to render the proceedings a farce and a mockery of justice. Brooks v. Commonwealth, Ky., 461 S.W.2d 547 (1970); Howard v. Commonwealth, Ky., 446 S.W.2d 293 (1969).

■ Failure of paid counsel to perfect an appeal does not constitute a ground to vacate the judgment under Kentucky law. Bartley v. Commonwealth, Ky., 463 S.W.2d 321 (1971); Howard v. Commonwealth, Ky., 446 S.W.2d 293 (1969). The record shows that appellant was advised by the court of his right to appeal and his right to have counsel appointed for him if he could not afford representation. Where an accused is represented by retained counsel at trial, the court cannot be made responsible for appointing counsel to assist in an appeal unless it is known to the court that the defendant is an indigent and wishes to appeal. Goforth v. Dutton, 409 F.2d 651 (5th Cir., 1969). There is no allegation that counsel was requested or denied.

The judgment is affirmed.

All concur.