**Albert Thomas CAPLES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1972.

O. M. Miracle, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Richard E. Fitzpatrick, Asst. Atty. Gen., for appellee.

GARDNER, Commissioner.

In 1968 appellant, Albert Thomas Caples, was convicted of storehouse breaking and was given a suspended sentence of five years. Over a three-month period, beginning in October 1970, indictments were returned charging Caples with detaining a female, resisting arrest, and two counts of rape.

On March 24, 1971, Caples appeared before the circuit court with his employed counsel and was permitted to change his plea of not guilty to guilty to all the 1970 charges. He was then sentenced to serve seven years in the penitentiary for detaining a female, and ten years for each count of rape, all to run concurrently. The Commonwealth then moved to revoke the 1968 suspended sentence. This motion was sustained and Caples was ordered to serve five years on the storehouse-breaking charge, which time was to run consecutively with the other sentences.

On July 13, 1971, Caples moved under RCr 11.42 for an evidentiary hearing, appointment of counsel, and to vacate the judgment. On August 26, 1971, on motion of the Commonwealth the trial court dismissed the proceedings for the reason that the motion did not state facts sufficient to authorize setting aside the judgment. Also, the court found Caples to be a pauper, refused to strike his counsel's name of record and declined to appoint another attorney to represent him. This appeal was prepared by a lawyer who was not associated with the original attorney.

Caples contends he was not adequately represented by counsel in that his counsel did not insist on a speedy trial and his "* * * counsel entered a plea of guilty and accepted a sentence totaling 15 years." Caples also makes the broad assertion that "* * * counsel refused to prepare any defenses * * *." In his brief Caples states that his attorney was under investigation by the Bar Association and stood convicted of contempt of court at the time judgment was entered against him. The obvious implication is that these facts stood in the way of his counsel's giving him proper representation.

■ The record itself discloses that none of the reasons promoted is meritorious. He was represented by retained counsel of his own choosing. On questions involving trial strategy we are not constrained to interfere with retained counsel's judgment unless it appears that his effort (or lack of effort) was such as to shock the conscience of the court or to render the proceedings a farce and a mockery of justice. Brooks v. Commonwealth, Ky., 461 S.W.2d 547 (1970).

■ The record shows that Caples in person and by counsel changed his pleas of not guilty to guilty. Caples makes no as-

sertion that he was overridden or coerced into changing his pleas, or that he didn't understand what he was doing, or the effect of it. Whether he would have received lighter sentences if the cases had been tried before a jury cannot be argued with certainty. It is noted, however, that upon his pleas of guilty he could have received a sentence of death, or life without parole, or life, or a total of 53 years. As it was he received sentences aggregating 15 years.

Caples does not contend he was prejudiced in any way by the delay of his trial. One indictment was returned in October 1970, one in November and one in December of the same year. He was convicted in March of 1971. It might be that his attorney could have been successful in bringing his case to trial earlier, but we fail to see how the delay resulted in ineffective counsel so far as the results of the cases in which Caples was convicted are concerned.

The judgment is affirmed.

All concur.