William Boyd LAY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 1, 1974.

**508**

Anthony M. Wilhoit and W. C. Ayer, Jr., Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., and Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Chief Justice.

This appeal comes from an order of the Fayette Circuit Court dismissing the appellant's petition to vacate judgment under RCr 11.42, without allowing an evidentiary hearing on the petition.

In a petition filed under RCr 11.42 the movant must show that there has been a violation of a constitutional right, a lack of jurisdiction, or such a violation of a statute as to make the judgment void and therefore subject to collateral attack. Tipton v. Commonwealth, Ky., 376 S.W.2d 290 (1963) Kiper v. Commonwealth, Ky., 415 S.W.2d 92 (1967).

Appellant's only real contention here is that he was denied a direct appeal because his paid counsel did not completely inform him of his rights regarding indigent appeal, thus denying him his right of appeal. The record shows the trial judge succinctly and adequately informed him of the method by which he could perfect his appeal if he were indigent. The record further shows, by the uncontroverted affidavit of his trial counsel, that within ten days of the entry of judgment he was informed that counsel would not accept the appeal of the case and that if appellant wished to appeal he should proceed *in forma pauperis,* RCr 12.63 and 11.02(2). In any event, appellant was chargeable with error of judgment on the part of his retained counsel, unless it appears that the efforts of his retained counsel were such as to shock the conscience of the court or to render the proceedings a farce and a mockery of justice. Brooks v. Commonwealth, Ky., 461 S.W.2d 547 (1970). There is no evidence or allegation of such conduct on the part of his counsel.

Appellant's motion does not allege that he attempted to inform the court of his wish to appeal or of his need for appointed

counsel. He does not contend he was thwarted in his attempt to obtain assistance. He simply did nothing.

The right of appellate review in criminal cases is not granted as a matter of right under the Constitution but where a statute such as KRS 21.140(1) authorizes an appeal as a matter of right, to those who can pay, the "Equal Protection Clause of the Fourteenth Amendment" guarantees an indigent defendant the same right including the assistance of counsel in prosecuting it. McIntosh v. Commonwealth, Ky., 368 S.W.2d 331 (1963), Polsgrove v. Commonwealth, Ky., 439 S.W.2d 776 (1969), Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

In *McIntosh, supra,* this court held:

" 'Equal protection' gives to the indigent defendant a right to counsel and to a transcript of the record on appeal if he requests it. In the absence of such a request it does not, in our opinion, oblige the court to either initiate an inquiry or to extend an invitation to appeal."

More recently we held in Johnson v. Commonwealth, Ky., 473 S.W.2d 823 (1971), that:

"Where an accused is represented by retained counsel at trial, the court cannot be made responsible for appointing counsel to assist in appeal unless it is known to the court that the defendant is indigent and wishes to appeal."

When, as in this case, the petition for relief does not state grounds upon which relief may be granted, and the record clearly refutes the allegations propounded in the petition to vacate, the petition may be properly dismissed without an evidentiary hearing. Glass v. Commonwealth, Ky., 474 S.W.2d 400, Bruner v. Commonwealth, Ky., 459 S.W.2d 138 (1970).

The judgment is affirmed.

All concur.