**Earl Ray PERKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1974.

As Modified on Denial of Rehearing Dec. 13, 1974.

Anthony M. Wilhoit, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Attorney Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Earl Ray Perkins, an indigent, who was represented by court-appointed counsel, was tried on a charge of murder, found guilty, and received a sentence of life imprisonment. His counsel filed a motion for a new trial, which was overruled on September 18, 1973. No notice of appeal was filed within the ensuing 10-day period allowed by RCr 12.54 for taking an appeal, so the right of appeal was lost. On November 17, 1973, Perkins, by and through the same counsel, filed a motion in the circuit court asking that the court "reinstate his right appeal," alleging that "through

inadvertence and oversight, the trial attorney neglected to give Notice of Appeal within the appropriate time * * *." That motion was overruled by an order from which Perkins has prosecuted the instant appeal.

Perkins' argument is that the simple negligence of his appointed counsel in failing to file a timely notice of appeal deprived him of a claimed constitutional right to an appeal with effective assistance of counsel. He relies primarily on Macon v. Lash, 458 F.2d 942 (7th Cir. 1972), where appointed counsel had failed to file a timely motion for a new trial (which was a requisite for an appeal), and where the federal court said "it is * * * clear that petitioner's right to appeal could not be forfeited by the critical error of court-appointed counsel disclosed by this record," and that "it falls short of the requirements of due process for Indiana to foreclose indigents from appealing in a case such as this because of a critical mistake of court-appointed counsel."

It is to be noted that the federal court in Macon v. Lash spoke in terms of a "right to appeal" as if it were a specific constitutional right, and also a matter of due process. We think this evidences a misconception of the nature of the right involved.

In McIntosh v. Commonwealth, Ky., 368 S.W.2d 331 @ 335, this court said:

"We come now to the final and most nettlesome problem in the case. Appellate review, as such, in criminal cases is not a constitutional right. Rutherford v.

Commonwealth, 1880, 78 Ky. 639, 1 K.L. R. 410; Miller v. Commonwealth, 1907, 127 Ky. 387, 105 S.W. 899, 32 K.L.R. 249. But when a statute authorizes an original appeal as a matter of right, the Equal Protection Clause of the 14th Amendment guarantees an indigent defendant the assistance of counsel in prosecuting it. Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811."

And in Polsgrove v. Commonwealth, Ky., 439 S.W.2d 776 @ 778, we said:

"Appellate review is a matter of grace and not a matter of right; in criminal cases it is not a constitutional right. However, when a statute authorizes a direct appeal as a matter of right, an indigent defendant must be afforded the same opportunity as any other defendant to exercise this right. * * *"

No higher authority has denied the validity of the view this court expressed in *McIntosh* and *Polsgrove*.[1] Accordingly, our consideration in the instant case is whether the simple negligence of Perkins' counsel in failing to take a procedural step requisite for an appeal deprived Perkins of equal protection of the law, or, in other words, of the same opportunity for an appeal afforded any other defendant.

To hold that there had been such a deprivation we would be required to say that an indigent is entitled to error-free representation by counsel because that is the kind of representation other defendants receive. The truth is, however, that nonindi-

1. The Public Defender, in a petition for rehearing, asserted that there is contrary higher authority in the opinions in the following federal cases from the Sixth Circuit: Beasley v. United States, 491 F.2d 687 (6th Cir. 1974); Boyd v. Cowan, 494 F.2d 338 (6th Cir. 1974); Lewis v. Henderson, 381 F.2d 523 (6th Cir. 1967); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir. 1970); Woodall v. Neil, 444 F.2d 92 (6th Cir. 1971). Those opinions are cited as authority for the proposition that there is a right to error-free representation by counsel on appeal in a criminal case which emanates from the constitutional guaranty of *due process*, and that this right exists whether counsel is employed or appointed. The Public Defender is, of course, in error in his claim that the Sxith Circuit opinions constitute controlling higher authority in the sense of establishing precedents binding on this court. See United States ex rel. Lawrence v. Woods, 7 Cir., 432 F.2d 1072, cert. den. 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148; Staley v. Illinois C. R. Co., 268 Ill. 356, 109 N.E. 342; Home Ins. Co. v. Northern P. R. Co., 18 Wash.2d 798, 140 P.2d 507, 147 A.L.R. 849.

gent defendants are subject to the same hazard of error by counsel in regard to appeal procedure as are indigents. We need only point to Polsgrove, to Howard v. Commonwealth, Ky., 446 S.W.2d 293, and to Brooks v. Commonwealth, Ky., 461 S. W.2d 547, in all of which *employed* counsel negligently failed to take the steps necessary to perfect an appeal.

Of course an indigent is entitled to reasonably competent counsel for appeal purposes, and appointed counsel cannot flatly refuse to prosecute an appeal, because otherwise the defendant is denied the appeal opportunity afforded to others. But we find no denial of equal protection in the mere fact that appointed counsel is one who is susceptible to the commission of a procedural error.

The judgment is affirmed.

All concur.