John Kevin LOMAX, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 9, 1979.

Discretionary Review Denied June 5, 1979.

David A. Lambertus, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Nancy S. Marksberry, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, WHITE and WILHOIT, JJ.

GANT, Judge.

This appeal is founded upon a denial of a motion pursuant to RCr 11.42 to vacate judgment on the grounds of ineffective assistance of counsel *on appeal.* The record divulges that appellant was convicted of first degree robbery in May, 1976, and received a sentence of 20 years. After conviction, appellant filed the required notice of appeal but withdrew this notice upon consultation with his retained counsel, who advised him that there were no reversible errors in the trial of his case and that a retrial with the same witnesses would inevitably result in conviction.

Subsequently, in February of 1978, this Court reversed the conviction of an accomplice of the appellant, one Barry Bequette, who was charged with complicity in the crime by having possession of some of the drug paraphernalia taken in the robbery. The alleged accomplice denied the complicity and testified that the material was placed at his home without his consent or participation. His conviction was reversed because of an illegal search and because of introduction of evidence following an illegal arrest.

At the time of the reversal, and in March, 1978, after learning of the good fortune of his co-defendant, the appellant inquired about his right to appeal and, of course, was informed that inasmuch as 21 months had elapsed since his conviction no appeal was

possible. He was further informed that the withdrawal of his appeal some 19 months previously would also affect his right to appeal.

This frivolous appeal is based, apparently, on three grounds: (1) That his attorney was ineffective because he did not inform the appellant that he could not appeal his conviction at any time he wanted to, even almost two years later; (2) That appellant had nothing to lose by appealing since he had received the maximum sentence; and (3) That the fact that the alleged accomplice was freed due to an entirely disassociated cause is proof of the fact that his attorney was ineffective.

 In his unsubstantiated affidavit in support of his motion pursuant to RCr 11.-42, appellant admits that he knew of his right to appeal and abandoned this right after his counsel advised him that the evidence against him was such that conviction would inevitably result and that, in counsel's opinion, there was no reversible error in the appellant's case. This voluntary abandonment on the advice of an attorney about whom the appellant had never complained prior to the reversal of his co-defendant's conviction, would not, per se, indicate ineffective assistance of counsel under the standards set out in *Wahl v. Commonwealth*, Ky., 396 S.W.2d 774 (1965); *Lay v. Commonwealth*, Ky., 506 S.W.2d 507 (1974); *King v. Commonwealth*, Ky., 387 S.W.2d 582 (1965), or in any federal decisions. There must be some point at which attorneys are protected from irresponsible hindsight by their clients. Once this appeal was withdrawn under the circumstances herein, we find no grounds for vacating judgment, certainly, or even extending the time for appeal on the naked assertion by the appellant that he meant to appeal later.

The assertion by appellant that he "had nothing to lose" is an affront to this Court. To imply that all convictions in which the maximum sentence was given should be appealed to avoid the charge of ineffective assistance of counsel is patently offensive to the criminal justice system, already overburdened. The true test is whether there is anything to gain. When the attorney who is totally familiar with the case, its issues and procedures, either by representing the defendant at trial level or by competent research of the record thereafter, determines that the appeal is futile, this Court will not condemn the failure to appeal or the withdrawal of an appeal merely because the defendant received a maximum sentence.

The bald assertion that the ultimate acquittal of a co-defendant on his appeal is grounds for vacating a judgment for ineffective assistance of counsel is equally without merit. In his affidavit, appellant shows no grounds that his conviction related in any way to that of appellant. In fact, an examination of the records of the case involving the accomplice discloses that the grounds for reversal were peculiar to the accomplice.

In the case before us, the record clearly shows that the appellant was advised of his right to appeal, began the appellate process and withdrew his appeal from advice that it was futile. We would not only fail to condemn such procedure but would encourage it under these circumstances.

The judgment is affirmed.

All concur.