RENDERED:  FEBRUARY 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0607-MR

ALEX DOWELL                                                        APPELLANT


APPEAL FROM HARDIN CIRCUIT COURT
v.            HONORABLE KEN M. HOWARD, JUDGE
ACTION NO. 16-CR-00540


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND McNEILL, JUDGES.

CALDWELL, JUDGE:  Appellant Alex Dowell ("Dowell"), *pro se*, appeals the

Hardin Circuit Court's denial of his motion for relief pursuant to RCr[1] 11.42, in

which he alleged ineffective assistance of both trial and appellate counsel.  Finding

no error, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## FACTS AND PROCEDURAL HISTORY

In the summer of 2017, in Hardin County, Kentucky, Dowell was sentenced to twenty (20) years' imprisonment following a trial at which he was convicted of first-degree assault, first-degree fleeing and evading, reckless driving, and being a persistent felony offender in the first degree. Those charges arose from an incident which occurred the previous year, in July of 2016. Dowell was observed recklessly driving a four-wheeler near the Towne Mall in Elizabethtown. He was stopped by the police, and when the police entered his social security number in the system, a warrant for his arrest was discovered. Upon learning he would be detained, Dowell attempted to flee on the four-wheeler and dragged one of the officers who had grabbed ahold of his shirt. That officer suffered a serious head injury while being dragged through the parking lot.

Following an unsuccessful appeal,[2] Dowell attacked his conviction and sentence via RCr 11.42, alleging ineffective assistance of both trial and appellate counsel. No evidentiary hearing was held, and the relief was summarily denied by the trial court. Dowell hereby appeals.

## STANDARD OF REVIEW

A denial of an RCr 11.42 motion is reviewed on appeal for an abuse of the trial court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548

---

[2] *Dowell v. Commonwealth*, No. 2017-SC-0304-MR, 2018 WL 3912870 (Ky. Aug. 16, 2018).

(Ky. 1998).  Abuse of discretion has been defined as being arbitrary, unreasonable, unfair, or unsupported by sound legal principles.  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

First, we note that Dowell does not contest the trial court's determination that an evidentiary hearing into his allegations of ineffective assistance of counsel was not necessary.[3]  Regardless of Dowell's failure to raise the issue, we find the trial court did not abuse its discretion in holding a hearing to be unnecessary as the instances of ineffectiveness required no more than a review of the record to refute them.  *Stanford*, 854 S.W.2d at 743-44.

The first allegation that Dowell forwards is that his trial counsel was ineffective for failing to request a change of venue.  Dowell provided, and the trial

---

[3]    Whether an RCr 11.42 movant is entitled to an evidentiary hearing is determined under a two-part test.  First, the movant must show that the "alleged error is such that the movant is entitled to relief under the rule." *Hodge v. Commonwealth*, 68 S.W.3d 338, 342 (Ky. 2001).  In other words, the court must assume that the factual allegations in the motion are true, then determine whether there "'has been a violation of a constitutional right, a lack of jurisdiction, or such a violation of a statute as to make the judgment void and therefore subject to collateral attack.'" *Id.* (quoting *Lay v. Commonwealth*, 506 S.W.2d 507, 508 (Ky. 1974)).  "If that answer is yes, then an evidentiary hearing on a defendant's RCr 11.42 motion on that issue is only required when the motion raises 'an issue of fact that cannot be determined on the face of the record.'" *Id.* (quoting *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993)).  To do this, the court must "examin[e] whether the record refuted the allegations raised" (and not "whether the record supported the allegations, which is the incorrect test"). *Id.* [at 341-42].  This two-part test is consistent with those cases cited in Appellant's brief. *See Norton v. Commonwealth*, 63 S.W.3d 175 (Ky. 2001); *Fraser v. Commonwealth*, 59 S.W.3d 448 (Ky. 2001).

*Parrish v. Commonwealth*, 272 S.W.3d 161, 166 (Ky. 2008).

court reviewed, several articles about the case which had appeared in the Elizabethtown *News-Enterprise*.[4]  Only two contained Dowell's name and the third simply provided an update of the injured officer's recovery.

During the *voir dire*, the trial court questioned the panel about whether they had heard anything about the case which might impact their ability to be fair.  Several jurors indicated that they remembered reading about the incident, but reported that such would not affect their ability to consider only evidence adduced during the trial.  One juror reported having read articles about the incident and that he or she believed that what they had read would affect their deliberations. That juror was struck from the panel for cause.

A criminal defendant is entitled to a fair trial, one not tainted by pretrial publicity, and a change of venue is required when the amount of pretrial publicity is such that seating a local jury not tainted by the coverage is not possible.  "It is not the amount of publicity which determines that venue should be changed; it is whether public opinion is so aroused as to preclude a fair trial." *Foster v. Commonwealth*, 827 S.W.2d 670, 675 (Ky. 1991) (quoting *Kordenbrock v. Commonwealth*, 700 S.W.2d 384, 387 (Ky. 1985)).

---

[4] Dowell pointed to seven (7) articles in his motion to the trial court, but of those articles, only three (3) were published before the jury was seated.  Those articles published after the start of his trial were determined by the trial court to be irrelevant to this analysis and we find that determination to be proper and not an abuse of discretion.

The trial court's determination that counsel was not ineffective when he did not request a change of venue was not an abuse of discretion. If the judge's *voir dire* concerning publicity had prompted more responses from jurors who indicated an inability to consider only evidence presented them during the trial, and counsel had then failed to so request, the determination may have been different. Rather, the lack of responses indicating that the opinions of the jurors were swayed by the publicity deems counsel did not err in not requesting a change of venue as such was clearly unnecessary. In his brief, Dowell fails to articulate how the minimal coverage the incident received caused the impossibility of seating an impartial jury. The trial court had before it no evidence that the publicity prevented an impartial jury from being seated, and neither do we on review.

Next, Dowell alleges that counsel was ineffective when he failed to request a continuance when the prosecution provided supplemental discovery. This discovery revealed a witness to be called who would testify that Dowell told her he fled from the police because he had a warrant. Counsel in fact did move to exclude the testimony, arguing that it was unduly prejudicial, but was overruled. Dowell argues that counsel should have then asked for a continuance so as to be better prepared to cross-examine the witness.

The trial court held that the fact that Dowell had a warrant was a matter of record, and no continuance would alter that fact. We agree. The trial court did not abuse its discretion in denying relief on this ground.

Finally, Dowell argues appellate counsel was ineffective for not raising on appeal the failure of the Commonwealth to provide timely notice concerning an accident reconstruction report that was ultimately never introduced. Evidence which was never utilized could not have affected the Appellant's substantial rights. "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." CR[5] 61.01. This claim is wholly without merit.

## **CONCLUSION**

The trial court did not abuse its discretion when it denied Dowell relief pursuant to his RCr 11.42 motion. We affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Alex Dowell, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky

---

[5] Kentucky Rules of Civil Procedure.