**Robert C. TAYLOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1986.

Discretionary Review Denied by Supreme Court March 4, 1987.

Edward L. Gafford, Asst. Public Advocate, Kentucky State Reformatory, La Grange, for appellant.

David L. Armstrong, Atty. Gen., Rickie Pearson, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, LESTER and MILLER, JJ.

CLAYTON, Judge.

Robert C. Taylor appeals from an order of the Fayette Circuit Court overruling his RCr 11.42 motion to correct final judgment. On June 24, 1983, Taylor, upon advice of counsel, entered a plea of guilty to an amended charge of second-degree robbery and a separate charge of being a first-degree persistent felony offender (P.F.O. 1st). As a result, he was sentenced to 10 years of imprisonment. Two years later, on September 4, 1985, Taylor moved to correct the June 29, 1983 judgment arguing that the prior felony convictions relied upon in the indictment do not support the P.F.O. charge and that his trial counsel was ineffective in failing to adequately investigate and challenge the charge. Both of these arguments were summarily rejected in the circuit court by an order of September 30, 1985.

In his first argument, Taylor maintains that his constitutional right to due process was violated when the trial court failed to vacate his P.F.O. conviction as such conviction was not supported by the evidence. United States Constit. 5th Amend.; § 11 Ky.Constit. Allegedly this P.F.O. conviction is void because the Commonwealth relied upon underlying felony convictions which failed to meet the requirements of KRS 532.080. In specific terms, appellant argues that the most recent felony conviction of the five convictions referred to in the indictment[1], was actually dismissed. As appellant had been finally discharged from imprisonment or parole on all the

---

1. The following felonies comprise the underlying felonies relied upon in the indictment:
    1. Storehouse Breaking in Jefferson County in 1961;
    2. Possession of Narcotics in Fayette County in 1968;
    3. Burglary and Escape in Tennessee in 1970;
    4. Burglary in Indiana in 1970; and
    5. Burglary in Jefferson County in 1980. (T.R., pp. 2–3)

remaining felonies more than five years before commission of the principal offense, the remaining felonies were also insufficient to satisfy KRS 532.080(3)(c)1-3. Accordingly, Taylor concludes that the Commonwealth failed to meet its ·burden of proof.

■ We respectfully disagree with appellant's well-drafted argument. Entry of a voluntary, intelligent plea of guilty has long been held by Kentucky Courts to preclude a post-judgment challenge to the sufficiency of the evidence. *E.g. King v. Commonwealth*, Ky., 408 S.W.2d 622, 623 (1966); *Harris v. Commonwealth*, Ky., 441 S.W.2d 143 (1969); *Bartley v. Commonwealth*, Ky., 463 S.W.2d 321 (1971). The reasoning behind such a conclusion is obvious. A defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged. By such an admission, a convicted appellant forfeits the right to protest at some later date that the state could not have proven that he committed the crimes to which he pled guilty. To permit a convicted defendant to do so would result in a double benefit in that defendants who elect to plead guilty would receive the benefit of the plea bargain which ordinarily precedes such a plea along with the advantage of later challenging the sentence resulting from the plea on grounds normally arising in the very trial which defendant elected to forego.

■ As the United States Supreme Court has explained, "... a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent it *quite validly* removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975) (original emphasis). As one commentator has explained the line of United States Supreme Court cases containing *Menna*,

a defendant who has been convicted on a plea of guilty may challenge his conviction on any constitutional ground that, if asserted before trial, would forever preclude the state from obtaining a valid conviction against him, regardless of how much the state might endeavor to correct the defect. In other words, a plea of guilty may oeprate as a forfeiture of all defenses except those that, once raised, cannot be 'cured.'

Westen, *Away from Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure*, 75 Mich. L.R. 1214, 1226 (1977). *See Gen.* LaFave & Israel, *Criminal Procedure*, § 20.6, p. 819–22 (1985). As the Commonwealth had only to amend count four of the indictment to include the multiple felonies appellant admittedly was convicted of in Tennessee during the five-year interval preceding commission of the Lexington pharmacy robbery, the defense which Taylor now asserts could obviously have been "cured." Accordingly, appellant has forfeited his defense of a due process violation via the Commonwealth's failure to prove the elements of the P.F.O. charge.

However, the inadequacy of the underlying prior felonies, while not sufficient to bolster an evidentiary due process challenge, is still material in regard to appellant's allegation of ineffective assistance of counsel under the Sixth Amendment to the United States Constitution and Section Eleven of the Kentucky Constitution. In this regard, Taylor contends that his appointed trial counsel failed to investigate his client's persistent felony offender charge. According to Taylor, had counsel done so, he would readily have discovered the inadequacy of the underlying previous felonies and therefore a valid defense to the P.F.O. charge.

This Court, in *Dillingham v. Commonwealth*, Ky.App., 684 S.W.2d 307, 309 (1984), has previously held that trial counsel's failure to object to the use of an unqualifying prior felony constitutes ineffective assistance of counsel under the standard announced in *Henderson v. Commonwealth*, Ky., 636 S.W.2d 648 (1982). According to the *Henderson* standard, the counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. *Id.* at 650 (citing *Beasley v. U.S.*, 491 F.2d 687 (6th Cir.1974)).

Given our Courts' recognition of the ineffective assistance of counsel standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and its application to guilty plea challenges in *Hill v. Lockhart*, 474 U.S. ——, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985), we conclude that the time has come to re-examine the criteria for determining the effectiveness of trial counsel who fail to challenge an underlying felony conviction supporting a persistent felony offender charge.

■ Under *Strickland*, a convicted defendant who complains of ineffective assistance must prove that his legal representation fell below an objective standard of reasonableness. *Strickland*, 104 S.Ct. at 2065. More specifically put,

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 2064. In the context of challenges arising from entry and acceptance of a guilty plea, a defendant who alleges the ineffectiveness of his legal counsel at such proceedings must first prove that his counsel's performance was deficient; and second, that defendant was prejudiced by the deficiency such that there exists "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 106 S.Ct. at 370.

■ While we conclude that the failure of trial counsel to properly investigate and discover the dismissal of the 1980 burglary charge was a deficient performance under *Strickland*, it is readily apparent that no prejudice resulted from the deficiency sufficient to meet the test enunciated in *Hill*. Appellant, prior to entry of his plea of guilty, faced charges of first-degree robbery and P.F.O. 1st. If convicted on those charges, Taylor risked imprisonment for a minimum term of twenty years to a maximum term of life. By accepting the Commonwealth's plea bargain, appellant received a minimum sentence of ten years of imprisonment on enhancement of a reduced charge of second-degree robbery. At the time this plea was accepted, appellant admitted commission of the qualifying Tennessee felonies. The Commonwealth, moreover, later provided copies of the certified criminal court records of the Criminal Court of Davidson County, Tennessee, indicating that Taylor, in accordance with his admission, was convicted on May 12, 1982, of two counts of breaking into a motor vehicle and two counts of concealing stolen property. Based on this conviction, Taylor was sentenced to concurrent terms of imprisonment of not less than two years. Faced with the possibility of life imprisonment should he go to trial and the knowledge that the Commonwealth could readily amend the P.F.O. portion of his indictment to include the qualifying Tennessee felonies, which he admitted committing, Taylor obviously was not insistent upon trying the case. Nor can we conclude that he would have been had he known of the deficiency in the P.F.O. charge. In fact, Taylor was aware of such deficiency as it was he who brought it to the trial court's attention. Rather than protest and demand trial, appellant instead informed the trial court of the details of other qualifying previous felonies. Thus, the record and the logical conclusions to be drawn from it strongly indicate that no reasonable probability existed that Taylor would have demanded to go to trial. Accordingly, no prejudice resulted sufficient to require reversal.

The order of the Fayette Circuit Court overruling appellant's RCr 11.42 motion is affirmed.

All concur.