RENDERED:  AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000353-MR

PROMISE WILCOX                                                    APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE AUDRA J. ECKERLE, JUDGE
            ACTION NO. 09-CR-001933

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; MAZE AND K. THOMPSON, JUDGES.

MAZE, JUDGE:  Promise Wilcox appeals the denial of his motions pursuant to

CR[1] 60.02 and RCr[2] 10.26 by which he sought to vacate a judgment based upon his

---

[1] Kentucky Rule of Civil Procedure.

[2] Kentucky Rule of Criminal Procedure.

guilty plea to three counts of first-degree sexual abuse of a victim less than twelve years of age. We affirm.

In 2009, while still a juvenile, Wilcox was referred to the Jefferson County grand jury for proceedings as a youthful offender. The grand jury subsequently indicted Wilcox on two counts of first-degree sodomy and one count of first-degree sexual abuse stemming from his conduct involving a five-year-old neighbor child whom he was babysitting. Wilcox and the Commonwealth thereafter reached a settlement under which the Commonwealth, in exchange for Wilcox's plea of guilt, agreed to amend the sodomy charges down to first-degree sexual abuse and to recommend a sentence of ten years on each of the three counts, to run concurrently for a total of ten years' imprisonment. Because Wilcox was still a juvenile when final judgment was entered on his plea in 2010, he was originally committed to the Department of Juvenile Justice.

After his eighteenth birthday, Wilcox was returned to Jefferson Circuit Court and in August 2011, was sentenced as an adult to serve ten years' imprisonment. Although he was granted shock probation in November 2011, Wilcox's probation was revoked in March 2015 for, among other violations, failure to complete sexual offender treatment. In 2018, Wilcox filed the motions which are the subject of this appeal alleging that the Jefferson District Court did not

properly consider the factors set out in KRS[3] 640.010 in transferring the proceeding to circuit court and that the Commonwealth failed to meet its burden of proof concerning the charges against him.

In denying Wilcox's motions, the circuit court concluded that his claims of error failed both on their merits and as barred by the doctrine of laches. Citing the district court's findings regarding the seriousness of the offenses charged and the young age of the victim, the circuit court held that the dictates of KRS 640.010(2)(c) had been satisfied in that two or more of the statutory factors weighed in favor of transfer. Thus, the circuit court concluded that Wilcox failed to demonstrate the extraordinary showing required to justify CR 60.02 relief. With regard to Wilcox's claim concerning the sufficiency of the evidence against him, the circuit court cited *Taylor v. Commonwealth*, 724 S.W.2d 223 (Ky. App. 1986), for the proposition that by pleading guilty a defendant forfeits the right to challenge the sufficiency of the evidence against him at some later date.

Finally, the circuit court held that the doctrine of laches would also foreclose Wilcox's claims, finding that a delay of over eight years to seek relief for known grievances constituted an unreasonable delay under the circumstances. This appeal followed.

---

[3] Kentucky Revised Statute.

Like the circuit court, we commence our analysis with an examination of the requirements for obtaining CR 60.02 relief. Our Supreme Court in *Gross v. Commonwealth* settled any question as to when such extraordinary relief is available:

> The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and **thereafter in CR 60.02**. CR 60.02 is not intended merely as an additional opportunity to raise Boykin defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. **Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.**

648 S.W.2d 853, 856 (Ky. 1983) (emphases added). Because Wilcox offers no explanation as to why his claims could not have been pressed via RCr 11.42, he is not entitled to avail himself of the extraordinary remedy provided in CR 60.02.

Even had such relief been available, Wilcox's claims fail on their merits. We concur in the circuit court's conclusion that the district court fully complied with the dictates of KRS 640.010 and that Wilcox's voluntary guilty plea waived all defenses other than that the indictment charges no offense. *See Centers v. Commonwealth*, 799 S.W.2d 51, 55 (Ky. App. 1990).

Finally, our conclusions regarding the availability of CR 60.02 relief foreclose Wilcox's contention that he is entitled to avail himself of the palpable error rule. RCr 10.26 provides:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

We again emphasize that Wilcox forfeited the right to challenge the evidence against him by pleading guilty. In *Taylor*, this Court cogently explained the rationale underpinning that principle:

> Entry of a voluntary, intelligent plea of guilty has long been held by Kentucky Courts to preclude a post-judgment challenge to the sufficiency of the evidence. *E.g. King v. Commonwealth*, Ky., 408 S.W.2d 622, 623 (1966); *Harris v. Commonwealth*, Ky., 441 S.W.2d 143 (1969); *Bartley v. Commonwealth*, Ky., 463 S.W.2d 321 (1971). The reasoning behind such a conclusion is obvious. A defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged. By such an admission, a convicted appellant forfeits the right to protest at some later date that the state could not have proven that he committed the crimes to which he pled guilty. To permit a convicted defendant to do so would result in a double benefit in that defendants who elect to plead guilty would receive the benefit of the plea bargain which ordinarily precedes such a plea along with the advantage of later challenging the sentence resulting from the plea on grounds normally arising in the very trial which defendant elected to forego.

724 S.W.2d at 225. Thus, having freely entered a guilty plea, Wilcox cannot now invoke the palpable error rule to challenge the sufficiency of the evidence against him. Because the circuit court did not err in its determination that Wilcox's CR 60.02 claims failed on their merits, there can be no demonstration of manifest injustice under RCr 10.26.

Accordingly, we affirm the judgment of the Jefferson Circuit Court.

CLAYTON, CHIEF JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Promise Wilcox, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky