RENDERED:  AUGUST 27, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0442-MR AND 2020-CA-0444-MR

STEVEN HILL                                                      APPELLANT

v.
|  | APPEAL FROM HARRISON CIRCUIT COURT |
|---|---|
|  | HONORABLE JAY B. DELANEY, JUDGE |
|  | ACTION NOS. 14-CR-00090 & 14-CR-00091 |

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; MAZE AND K. THOMPSON, JUDGES.

MAZE, JUDGE:  Steven Hill brings these consolidated appeals from an order of

the Harrison Circuit Court denying his motions to vacate his convictions pursuant

to RCr[1] 11.42.  He alleges that his trial counsel provided ineffective assistance

---

[1] Kentucky Rules of Criminal Procedure.

prior to his entry of a guilty plea. We agree with the trial court that Hill has failed to establish either deficient performance by counsel or prejudice as a result. Hence, we affirm.

On October 7, 2014, a Harrison County grand jury indicted Hill on one count of rape in the first degree (victim less than twelve years old), three counts of sexual abuse in the first degree (victim less than twelve years old), and being a persistent felony offender in the first degree (PFO I). The grand jury separately indicted Hill for failure to comply with sex-offender registration (first offense) and an additional count of PFO I. Subsequently, Hill entered a guilty plea to the attempted first-degree rape, sexual abuse, and sex-offender registration counts. The PFO I counts were dismissed. Pursuant to the Commonwealth's recommendation, the trial court sentenced Hill to a total of eighteen years' imprisonment.[2] That sentence was subject to the 85% parole eligibility requirement, as set out in KRS[3] 439.3401.

On April 4, 2018, Hill filed a motion to vacate his convictions pursuant to RCr 11.42. The trial court conducted an evidentiary hearing at which

---

[2] The trial court sentenced Hill to eighteen years on the attempted rape count, and ten years on each of the sexual abuse counts, with all counts to be served concurrently. In the separate indictment, the trial court sentenced Hill to five years, also to be served concurrently with the other sentences. However, the court directed that these sentences be served consecutively to any sentence Hill received in the state of Florida.

[3] Kentucky Revised Statutes.

-2-

his trial counsel, Jennifer Fransen, testified. Following the hearing, the trial court denied the motion, concluding Hill failed to establish that Fransen's performance was deficient or that he was unfairly prejudiced as a result. Hill now appeals from this order.[4] Additional facts will be set forth below as necessary.

In order to prevail on an ineffective assistance of counsel claim, a movant must show that his counsel's performance was deficient and that, but for the deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The standard for assessing counsel's performance is whether the alleged acts or omissions were outside the wide range of prevailing professional norms based on an objective standard of reasonableness. *Id.* at 688-89, 104 S. Ct. at 2065. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant bears the burden of identifying specific acts or omissions alleged to constitute deficient performance. *Id.* at 690, 104 S. Ct. at 2066. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Parrish v. Commonwealth*, 272 S.W.3d 161, 168

---

[4] Hill filed his RCr 11.42 motions to vacate the convictions under both indictments. He likewise filed separate notices of appeal from the trial court's order denying the motions in both cases. This Court directed that his appeals be heard together.

(Ky. 2008) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065) (internal quotation marks omitted).

In cases involving a guilty plea, the United States Supreme Court has stated that the traditional test is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369, 88 L. Ed. 2d 203 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). Consequently, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59, 106 S. Ct. at 370. *See also Taylor v. Commonwealth*, 724 S.W.2d 223 (Ky. App. 1986). When an evidentiary hearing is held in an RCr 11.42 proceeding, RCr 11.42(6) requires the trial court to make findings on the material issues of fact, which we review under a clearly erroneous standard. CR[5] 52.01; *Haight v. Commonwealth*, 41 S.W.3d 436, 442 (Ky. 2001), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009).

Hill first argues that he received ineffective assistance of counsel when his trial counsel failed to file a motion to suppress the statement he gave to

---

[5] Kentucky Rules of Civil Procedure.

police.  The interview was initially non-custodial as Hill voluntarily appeared at the Harrison County Sherriff's Office.  The officers advised Hill that he was free to leave but did not advise him of his *Miranda*[6] rights.  But after the interview was completed, Hill was taken into custody on an out-of-state warrant involving an unrelated matter.  Hill asserts that his counsel should have sought to suppress the statements he made to the police.

Fransen testified that she prepared a suppression motion but decided not to file it after receiving the plea offer from the Commonwealth.  Fransen noted that Hill gave his statement before being taken into custody.  Consequently, she had doubts whether the motion would be successful.  Fransen also testified that the Commonwealth's case was based on other evidence which would still be admissible even if Hill's statement was suppressed.  Under the circumstances, we agree with the trial court that counsel's decision not to file the suppression motion amounted to reasonable trial strategy.

Next, Hill alleges that his trial counsel was ineffective for failing to obtain a competency evaluation.  KRS 504.100(1) authorizes a trial court to appoint a psychologist or psychiatrist to examine and report on a defendant's mental condition when "the court has reasonable grounds to believe the defendant

---

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

is incompetent to stand trial[.]" *See also* RCr 8.06. Hill presents no evidence that either the trial court or trial counsel had any reasonable grounds to believe he was not competent to stand trial.

Hill alleges that he wrote a letter to Fransen concerning a learning disability and other mental issues caused by head injuries he suffered as a child. Fransen testified that Hill asked for a competency evaluation but did not recall him saying anything about the prior head injuries. She also testified that Hill appeared to fully understand the nature of the charges against him and assisted in the defense. Fransen further testified that she believed Hill's request for a competency evaluation was merely a "stall tactic," as he eventually withdrew the request and became anxious to resolve the case as quickly as possible. We conclude that Hill failed to show that a motion for a competency evaluation would have been warranted. Therefore, we agree with the trial court that counsel was not deficient in failing to request a competency evaluation.

Finally, Hill alleges that his trial counsel failed to adequately investigate the case against him and the available defenses. He asserts that counsel failed to investigate whether there was a sufficient factual basis for all of the charges in the indictments. He also contends that counsel was deficient for failing to file a bill of particulars to obtain this information from the Commonwealth.

Finally, he contends that counsel decided to accept the Commonwealth's guilty-plea offer prior to interviewing any of the witnesses against him.

It is well-established that trial counsel must undertake reasonable investigation of facts and law which support the defense of a client. *Wiggins v. Smith*, 539 U.S. 510, 521-22, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003). However, "[a] reasonable investigation is not an investigation that the best criminal defense lawyer in the world, blessed not only with unlimited time and resources, but also with the benefit of hindsight, would conduct." *Haight*, 41 S.W.3d at 446. The focus of the inquiry must be on whether trial counsel's decision not to pursue evidence or defenses was objectively reasonable under all the circumstances. *Wiggins*, 539 U.S. at 523, 123 S. Ct. at 2536. In other words, the question is "whether the known evidence would lead a reasonable attorney to investigate further." *Id*. at 527, 123 S. Ct. at 2538.

As the trial court noted, there was substantial evidence supporting the charges against Hill. Hill provides no support for his bare allegation that further investigation would have led to the discovery of evidence which would have called that evidence into question. Likewise, he offers no reason to support his allegation that the indictment was "duplicitous." Therefore, we agree with the trial court that Hill failed to meet his burden that counsel's alleged failure to investigate prejudiced his decision to accept the guilty plea.

Accordingly, we affirm the order of the Harrison Circuit Court denying Hill's motions to vacate his convictions pursuant to RCr 11.42.

ALL CONCUR.

BRIEF FOR APPELLANT:

Steven Hill, *pro se*
Fredonia, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky