RENDERED: NOVEMBER 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1591-MR

STEPHEN SCHOMAKER                                      APPELLANT

v.
APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE JULIE REINHARDT WARD, JUDGE
ACTION NO. 16-CR-00083

COMMONWEALTH OF KENTUCKY                               APPELLEE

AND

NO. 2021-CA-1451-MR

STEPHEN SCHOMAKER                                      APPELLANT

v.
APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE JULIE REINHARDT WARD, JUDGE
ACTION NO. 16-CR-00083

COMMONWEALTH OF KENTUCKY                               APPELLEE

\*\* \*\* \*\* \*\* \*\*

BEFORE:  ACREE, MᴄNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Stephen Schomaker ("Appellant") appeals from an order of the Campbell Circuit Court denying his motion for Kentucky Rules of Criminal Procedure ("RCr") 11.42 relief from judgment, and from a subsequent amended motion for RCr 11.42 relief.  Appellant argues that the circuit court erred in failing to conclude that no factual basis exists to support his guilty plea, and that he did not receive effective assistance of counsel.  As to the denial of his amended motion, Appellant contends that he was entitled to relief based on newly discovered evidence.  He seeks an opinion reversing the orders on appeal, and remanding the matter for further proceedings.  After careful review, we find no error and affirm the orders of the Campbell Circuit Court.

## FACTS AND PROCEDURAL HISTORY

In 2017, Appellant entered a plea of guilty in Campbell Circuit Court to 18 counts of sexual offenses involving a minor.[1]  The circuit court accepted the plea, and sentenced him to 27 years in prison.  The court denied his post-

---

[1] Appellant pled guilty to two counts of rape in the first degree (Kentucky Revised Statutes ("KRS") 510.040(1)), ten counts of promoting a sexual performance by a minor (KRS 531.320), and six counts of sexual abuse in the first degree (KRS 510.110).  The victim is the half-sister of Appellant's biological children.

conviction motion to modify a condition of his sentence, and the denial was affirmed on appeal to this Court in *Schomaker v. Commonwealth*, No. 2019-CA-0962-MR, 2021 WL 1431858 (Ky. App. Apr. 16, 2021). Appellant did not prosecute a direct appeal of his conviction, as he waived such an appeal under the terms of the plea agreement.

On July 21, 2020, Appellant filed a motion to vacate his conviction pursuant to RCr 11.42 (hereinafter "original motion").[2] In support of the motion, Appellant argued that, 1) the circuit court failed to properly investigate whether there was a factual basis for the charges; 2) counsel was ineffective in failing to discuss or have Appellant acknowledge that statements he made during his sex offender evaluation were untrue; and, 3) Appellant did not believe there was sufficient evidence to support the rape charges. He also argued that he mistakenly believed that he would not be eligible for parole if he received a life sentence. The motion was denied on November 19, 2020, and Appellant filed an appeal with this Court in No. 2020-CA-1591-MR.

On December 30, 2020, and during the pendency of that appeal, Appellant filed an amended RCr 11.42 motion (hereinafter "amended motion"),

---

[2] Appellant was represented by new trial counsel.

which he asserted related back to the time of filing of the original motion.[3]  As a basis for the amended motion, Appellant stated that he had recently become aware of testimony made by the victim, C.D.,[4] in a civil deposition conducted on July 10, 2020.  Specifically, Appellant pointed to statements made during C.D.'s civil deposition where she responded, "I'm not sure" and "yeah, I don't remember" when asked if Appellant placed his fingers or penis in her vagina.  Appellant argued that C.D.'s vague responses bolstered his contention that the facts were not sufficient to support his guilty plea and that his trial counsel was ineffective in failing to so argue.

After considering the amended motion, the Campbell Circuit Court determined that it was not timely filed and did not relate back to the filing of the original motion for purposes of the filing deadline set out in RCr 11.42(10).  Appellant appealed from that denial in No. 2021-CA-1451-MR.  Thus, Appellant was prosecuting two appeals simultaneously – the appeal from the denial of his original motion for RCr 11.42 relief, and the appeal from the denial of his amended motion for RCr 11.42 relief.

---

[3] The original motion was made just before the expiration of the three-year window for filing such a motion per RCr 11.42(10).

[4] The victim was a minor at the time of the offenses and Appellant was charged with sex offenses; therefore, we will only use the victim's initials.

-4-

On June 22, 2022, the Commonwealth of Kentucky ("Appellee") moved to consolidate the two appeals. The motion was denied by order of this Court on July 11, 2022. The appeals involve the same parties, facts, judgment, and counsel, and each addresses the denial of a motion for RCr 11.42 relief. Accordingly, and in the interest of judicial economy, we will adjudicate both appeals in this Opinion.

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, challenges his guilty plea and alleges ineffective assistance of counsel. He first argues that his guilty plea was not valid because the circuit court did not inquire into the specific acts that Appellant committed to confirm that the acts supported the guilty plea. Specifically, he contends that the evidence was not sufficient to sustain the charge of rape in the first degree. He claims that the circuit court erred in failing to establish a sufficient factual basis for the plea during the plea colloquy and that this error requires reversal of the order denying his original motion for RCr 11.42 relief.

"A defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged." *Taylor v. Commonwealth*, 724 S.W.2d 223, 225 (Ky. App. 1986). The exception to this maxim is where the plea was coerced or not intelligently made. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where

voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2, 96 S. Ct. 241, 242, 46 L. Ed. 2d 195 (1975). The question for our consideration, then, is whether Appellant's guilty plea was voluntary and intelligent. If so, the plea admits the underlying facts in support of the charges.

The record demonstrates that the Campbell Circuit Court engaged in a full plea colloquy with Appellant prior to accepting his guilty plea. The court discussed each charge with Appellant, including the corresponding count of the indictment, and asked whether Appellant was admitting guilt to each charge. Appellant, in the presence of counsel, responded affirmatively to each question. Appellant told the court that he graduated from high school, attended trade school, and worked as a master electrician. He stated that he had no mental health issues and was not under the influence of drugs or alcohol.

When asked, Appellant stated that he was satisfied with counsel's advice, that he had no questions or concerns, and there was nothing else he wished for counsel to do prior to entering the plea. The court then advised Appellant of the rights he would be waiving by entering a guilty plea. The court informed Appellant that he would be required to attend sex offender treatment, and register as a sex offender. Appellant again stated that he understood his rights, that he was

satisfied with counsel's advice, that he wished to plead guilty, and that he did so freely, intelligently, and voluntarily. The court then accepted the guilty plea.

We conclude from the record that Appellant's plea was made voluntarily and intelligently. Per *Taylor* and *Menna*, *supra*, such a plea admits the factual accuracy of the various elements of the offenses with which he is charged. As such, we are not persuaded by his contention that the evidence was insufficient to sustain the charges.

Appellant also argues that he did not receive the effective assistance of counsel to which he was entitled. He claims that his counsel was ineffective in failing to discuss or have him acknowledge that statements he made during his sex offender assessment were not true. He also argues that counsel was ineffective in advising him to plead guilty, as the evidence did not support the plea. Finally, Appellant argues that counsel improperly failed to inform him that he would be eligible for parole on a life sentence. Appellant contends that he was not aware that he could be paroled on a life sentence, and that had he known so, he would not have entered a guilty plea.

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by

the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citations omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or

adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689, 104 S. Ct. at 2065 (citations omitted). "Appellant is not guaranteed errorless counsel or counsel that can be judged ineffective only by hindsight, but rather counsel rendering reasonably effective assistance at the time of trial."

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (citations omitted).

> At the trial court level, "[t]he burden is upon the accused to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief afforded by . . . RCr 11.42." On appeal, the reviewing court looks *de novo* at counsel's performance and any potential deficiency caused by counsel's performance.
>
> And even though, both parts of the *Strickland* test for ineffective assistance of counsel involve mixed questions of law and fact, the reviewing court must defer to the determination of facts and credibility made by the trial court. Ultimately however, if the findings of the

-9-

> trial judge are clearly erroneous, the reviewing court may set aside those fact determinations. . . . CR 52.01 ("[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness.") The test for a clearly erroneous determination is whether that determination is supported by substantial evidence. This does not mean the finding must include undisputed evidence, but both parties must present adequate evidence to support their position.

*Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008) (citations omitted).

At the sentencing hearing, the circuit court noted that it had examined the sex offender evaluation, wherein Appellant denied that he took photographs of C.D. and touched her with his penis. In response to its reading of the report, the court asked counsel if Appellant wished to continue with his guilty plea. Counsel responded that he had just spoken to Appellant and Appellant wished to enter a guilty plea. In considering Appellant's original RCr 11.42 motion, the court reviewed the record and found that Appellant nodded his head in agreement as counsel made that statement to the court, indicating that what counsel said was true. Per *Strickland*, we find no basis for concluding that counsel provided ineffective assistance regarding the sex offender evaluation, nor that Appellant was prejudiced by counsel's handling of the evaluation or his responses to the court.

Appellant goes on to argue that counsel was ineffective in advising him to plead guilty, as the evidence did not support the plea. Having determined that Appellant's guilty plea admitted the factual accuracy of the various elements

of the offenses with which he was charged, we do not conclude that counsel provided ineffective assistance on this issue. The record reasonably supports Appellant's guilty plea.

Lastly, Appellant argues that when counsel correctly advised him that he could receive a life sentence if he went to trial, Appellant incorrectly believed that such a sentence would result in no parole eligibility. He argues that he would not have entered a guilty plea if he knew that a life sentence offered the possibility of parole. Appellant, however, makes no claim that counsel improperly advised him that he would not be eligible for parole. He does not claim, much less demonstrate, that counsel's performance was ineffective on this issue, nor that there is a substantial likelihood that the outcome of the proceeding would have been different but for the ineffective assistance. We find no error on this issue.

We next consider Appellant's appeal in No. 2021-CA-1451-MR from the denial of his amended RCr 11.42 motion. Appellant argues that new facts came to light after his conviction in a separate civil proceeding and that the filing of the amended RCr 11.42 motion relates back to the filing of the original RCr 11.42 motion for purposes of compliance with the RCr 11.42(10) three-year limitation period after judgment when such motions may be filed. Appellant contends that these new facts, specifically statements made by C.D. that she was not sure if Appellant placed his fingers or penis in her vagina, require vacating and

setting aside his conviction, or in the alternative, conducting a hearing on the amended RCr 11.42 motion.

In disposing of Appellant's amended RCr 11.42 motion, the circuit court found that in order for a subsequent RCr 11.42 motion to relate back to a prior RCr 11.42 motion for the purpose of complying with the three-year filing window, the subsequent motion must assert a claim or defense arising out of the same conduct or occurrence set forth in the original RCr 11.42 motion. The circuit court noted that C.D.'s deposition testimony in the civil proceeding was made in 2020, whereas Appellant's trial counsel was involved in the underlying criminal proceeding in 2017. The court found that counsel could not possibly be ineffective in actions taken in 2017 as a result of statements C.D. did not make until 2020. It was on this basis that the court found that the amended RCr 11.42 motion did not relate back to the filing of the original RCr 11.42 motion, and was therefore filed well past the closing of the three-year window set out in RCr 11.42(10).

Pleadings may be amended once as a matter of course, at any time before a responsive pleading is filed. CR 15.01. Amended pleadings proffered after a period of limitation has run relate back to the timely filing of the original motion only where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" CR 15.03(1).

-12-

In the original motion, Appellant alleged that counsel was ineffective in 2017 in advising him to enter a guilty plea. In the amended motion, Appellant asked the circuit court to consider C.D.'s deposition testimony given in 2020. Appellant has not argued that counsel failed to properly review the discovery in his criminal proceeding, nor that counsel failed to interview C.D. in 2017. We agree with the circuit court that there are no circumstances under which counsel could have been ineffective in 2017 as a result of statements C.D. did not make until 2020. The claims made in the amended motion did not arise from the conduct, transaction, or occurrence asserted in the original motion. CR 15.03(1). As such, the amended motion does not relate back to the original motion, and the Campbell Circuit Court properly so found.

Additionally, C.D.'s deposition in the civil matter was conducted on July 10, 2020 – some 10 days before the filing of Appellant's original motion for RCr 11.42 relief. At her deposition, C.D. was cross-examined by Appellant's counsel.[5] Appellant's mother was also present at the deposition. An untimely filing of an RCr 11.42 motion can be excused only if the facts underlying the claim were unknown to the movant and "could not have been ascertained by the exercise

---

[5] Appellant's counsel in the civil proceeding did not represent Appellant in the criminal proceeding.

of due diligence[.]" RCr 11.42(10). Appellant provides no reason why this information could not have been included in the original motion.

Arguendo, even if the amended motion related back to the timely filing of the original motion, "[n]ewly discovered evidence is not a ground for relief under RCr 11.42[.]" *Perkins v. Commonwealth*, 382 S.W.2d 393, 394 (Ky. 1964). Further, no hearing on this issue is required, as the motion can be resolved by reference to the record. *Jackson v. Commonwealth*, 567 S.W.3d 615, 619 (Ky. App. 2019).

## CONCLUSION

Appellant's guilty plea was voluntarily and intelligently given. As such, the plea constitutes an admission of the facts supporting the charges. *Taylor*, *supra*. Per *Strickland*, we find no basis for concluding that counsel provided ineffective assistance regarding the sex offender evaluation, the advice to plead guilty, nor counsel's statement to Appellant that he could receive a life sentence if the matter proceeded to trial. As such, we find no error in the Campbell Circuit Court's disposition of Appellant's original motion. As to Appellant's amended motion, the circuit court properly determined that it did not relate back to the filing of the original motion and was untimely. Even if it were timely, newly discovered evidence is not a ground for relief under RCr 11.42. For these reasons, we affirm

-14-

the orders of the Campbell Circuit Court denying Appellant's motions for RCr 11.42 relief.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Harry P. Hellings, Jr.
Covington, Kentucky

BRIEFS FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky