RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0176-MR

STUART A. COX                                         APPELLANT

                     APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE A.C. MCKAY CHAUVIN, JUDGE
                      ACTION NO. 16-CR-000838

COMMONWEALTH OF KENTUCKY                        APPELLEE

AND

NO. 2021-CA-0244-MR

STUART A. COX                                         APPELLANT

                       APPEAL FROM WARREN CIRCUIT COURT
v.             HONORABLE STEVE ALAN WILSON, JUDGE
                      ACTION NO. 16-CR-00278

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND TAYLOR, JUDGES.

CALDWELL, JUDGE: Stuart Cox appeals from the trial court denials of his motions pursuant to Kentucky Rules of Criminal Procedure (hereinafter "RCr") 11.42. Having reviewed the record, the briefs of the parties, and the orders of the Jefferson and Warren Circuit Courts, we affirm.

## FACTS

In 2016, Cox was indicted for murder and tampering with physical evidence in the shooting death of his girlfriend, Tracey Brock, in Jefferson County. Following the crime, he fled and was ultimately captured in Warren County, where he was indicted for fleeing or evading police and several misdemeanor offenses. He entered a plea pursuant to *North Carolina v. Alford*[1] to charges in both counties, agreeing to serve a total term of twenty-five (25) years' imprisonment.[2]

---

[1] 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 162 (1970).

[2] In No. 16-CR-00278, Cox pleaded guilty in Warren Circuit Court to amended charges of fleeing or evading police in the first-degree, operating a motor vehicle while under the influence of intoxicants, first offense, and resisting arrest. The sentences for all three (3) counts ran concurrent to one another for a total of five (5) years, but ran consecutive to the twenty (20) year sentence he received in No. 16-CR-000838, the Jefferson Circuit Court case wherein he pleaded guilty to the amended charge of manslaughter in the first degree and tampering with physical evidence. He agreed to a seventeen (17) year sentence for the manslaughter count and three (3) years for the tampering count, to run consecutive to one another for a total of twenty (20) years, but consecutive to the Warren Circuit charges. Therefore, when the Warren Circuit Court sentence was ordered to run consecutive to his Jefferson Circuit Court sentence, his total sentence of imprisonment was twenty-five (25) years.

In 2020, Cox filed motions in both Jefferson and Warren Circuit Courts pursuant to RCr 11.42 alleging that his appointed counsel rendered ineffective assistance of counsel in advising him to accept the plea bargains he entered, which resolved the cases in both counties. Both the Jefferson Circuit Court and the Warren Circuit Court denied relief without evidentiary hearings. We affirm.

## STANDARD OF REVIEW

The standard of review employed when the voluntariness of a guilty plea is challenged for the purported lack of effectiveness of counsel is well established. The trial court must determine whether the guilty plea was entered knowingly, voluntarily, and intelligently by considering the totality of the circumstances. *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). Such an inquiry is fact intensive and is reviewed by the appellate court only for clear error. *Id.* In determining whether the voluntariness of the plea was implicated by deficient performance of counsel, the standard established in *Strickland v. Washington* is applied by the reviewing court. 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

> The *Strickland* standard sets forth a two-prong test for ineffective assistance of counsel:
>
> > First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel

-3-

was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

[*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064]. To show prejudice, the

> defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is the probability sufficient to undermine the confidence in the outcome.

*Id.* at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 695.

*Bowling v. Commonwealth*, 80 S.W.3d 405, 411-12 (Ky. 2002).

The second prong of the *Strickland* analysis concerns the showing of prejudice, that but for the deficient performance of counsel, the outcome of the matter would have been more favorable to the Movant. Thus, we need not question the performance of counsel if we first determine that the Movant cannot show prejudice.

> The trial court's inquiry into allegations of ineffective assistance of counsel requires the court to determine whether counsel's performance was below professional standards and caused the defendant to lose what he otherwise would probably have won and whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory.

-4-

*Bronk v. Commonwealth*, 58 S.W.3d 482, 487 (Ky. 2001) (internal quotation marks and citations omitted) (emphasis added).

We will employ this standard of review in reviewing each allegation of ineffective assistance of counsel Cox brings against the two attorneys appointed in the separate indictments to represent him.

**ANALYSIS**

*a. Jefferson County judgment*

Cox impugns the performance of his counsel by attacking the sufficiency of the evidence against him and alleging counsel overstated the likelihood of a conviction. However, it is not appropriate to attack the sufficiency of evidence after the entry of a guilty plea. "Entry of a voluntary, intelligent plea of guilty has long been held by Kentucky Courts to preclude a post-judgment challenge to the sufficiency of the evidence." *Taylor v. Commonwealth*, 724 S.W.2d 223, 225 (Ky. App. 1986).

The entry of an unconditional guilty plea requires the accused to acknowledge the accuracy of the facts underlying the indictment.

> A defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged. By such an admission, a convicted appellant forfeits the right to protest at some later date that the state could not have proven that he committed the crimes to which he pled guilty. To permit a convicted defendant to do so would result in a double benefit in that defendants who elect to

> plead guilty would receive the benefit of the plea bargain which ordinarily precedes such a plea along with the advantage of later challenging the sentence resulting from the plea on grounds normally arising in the very trial which defendant elected to forego.

*Id.*

Cox acknowledged the sufficiency of the evidence against him when he allocuted before the Jefferson Circuit Court. His discussion with the trial court of the charges against him and the evidence in support of those charges was an acknowledgement of the validity of the advice of counsel to enter a plea deal where he was ensured of a sentence less than the maximum, in this instance, a life sentence.[3] "The colloquy is an affirmative showing, on the record, that a guilty plea is voluntary and intelligent[.]" *Simms v Commonwealth*, 354 S.W.3d 141, 144 (Ky. App. 2011) (internal quotation marks and citation omitted). Cox cannot now decry his plea as unfair simply because he has changed his mind. *See Commonwealth v. Pridham*, 394 S.W.3d 867, 885 (Ky. 2012).

Further, Cox is unable to show prejudice. He faced a possible life sentence of imprisonment, and through the assistance of counsel in the negotiation of the plea bargain to manslaughter he secured a sentence of twenty (20) years. "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the

---

[3] Kentucky Revised Statutes ("KRS") 507.020(2).

circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). *See also Williams v. Commonwealth*, 336 S.W.3d 42 (Ky. 2011). "If the prejudice prong . . . were satisfied by the movant simply saying he would not have taken the deal absent the misadvice, it would be rendered essentially meaningless. 'Prejudice' requires more than a simple self-serving statement by the movant." *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 n.3 (Ky. 2012).

### b. *Warren County judgment*

Cox entered a guilty plea to the Warren County charges with the express provision that the sentence he agreed to, five (5) years, would be run consecutively to the Jefferson County sentence of twenty (20) years for a total term of imprisonment of twenty-five (25) years. He was finally sentenced in Warren Circuit Court after being sentenced in Jefferson Circuit Court. The final judgments of both courts acknowledged that the sentence it was imposing was to run consecutive to the sentence imposed by the other circuit court.

Cox alleges that his attorney misadvised him to plead guilty to the amended charges in Warren and agree to the resultant five (5) year sentence because as the final judgment in Jefferson Circuit Court had been entered, he was not bound to pleading guilty in Warren Circuit Court to satisfy the more significant Jefferson plea agreement.

However, when he had previously appeared before the Warren Circuit Court to enter the plea, he acknowledged during the colloquy that pleading to a five (5) year sentence in Warren was in his best interest given the more serious charges, and potential life sentence, he faced in Jefferson. Thus, he acknowledged that he believed the plea bargain was to his ultimate benefit, even if he might be agreeing to the maximum sentence to the Warren counts. The record makes it very clear that the attorneys for both sides in both counties were working cooperatively to craft plea agreements that were satisfactory to all. Again, a showing of prejudice requires more than the movant's self-serving statement. It requires a showing that rejection of the plea deal entered into would have been a rational choice. *Padilla*, 559 U.S. at 372, 130 S. Ct. at 1485. Cox has not made that showing.

## CONCLUSION

Cox avoided the possibility of a life sentence by the entry of his pleas and received a sentence of twenty-five (25) years. As it is not appropriate to attack the sufficiency of the evidence after the entry of the plea, it is not possible for him to reasonably argue that he was prejudiced in any way by pleading guilty and receiving a sentence of less than the maximum, and considerably less, at that to the Jefferson County charges involving the death of his girlfriend. As the plea agreement in Warren County was contemplated by the plea in Jefferson County, it

was not prejudicial to him to have received the maximum five (5) year sentence to the charges he faced in Warren County, as he faced a possible life sentence in Jefferson County, were the plea deals to fail. We affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Stuart A. Cox, *pro se*
West Liberty, Kentucky

BRIEFS FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky