RENDERED:  DECEMBER 22, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1389-MR

TIMOTHY ROLLIN                                                          APPELLANT

                        APPEAL FROM HARDIN CIRCUIT COURT
v.                      HONORABLE JOHN D. SIMCOE, JUDGE
                        ACTION NO. 18-CR-00950

COMMONWEALTH OF KENTUCKY                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND KAREM, JUDGES.

KAREM, JUDGE:  Timothy Rollin, *pro se*, appeals from the Hardin Circuit

Court's denial of his motion to vacate judgment and sentence pursuant to Kentucky

Rules of Civil Procedure (CR) 60.02(f).  Rollin entered a plea of guilty to second-

degree burglary in 2019 and now claims he could not have been convicted because

he was the tenant of the apartment he was charged with burglarizing.  Upon careful

review, we agree with the trial court that the motion is procedurally barred and substantively without merit; consequently, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to Rollin, he and Brooke Shoemaker began dating in May 2018 and lived together sporadically in his apartment in Elizabethtown. Rollin's mother leased the apartment and Rollin is listed as a resident on the lease document in the record. Rollin claims Shoemaker would stay at the apartment for a week at a time and at one point stayed there for three weeks. She had a key to the apartment and kept clothes and toiletries there.

On July 9, 2018, Shoemaker obtained an emergency protective order (EPO) against Rollin that prohibited him from coming within 500 feet of the apartment or entering it. The EPO was subsequently vacated in an order entered on July 19, 2018, upon the trial court finding no domestic violence.

Rollin was arrested on August 27, 2018, for violating the EPO and committing burglary by knowingly entering and remaining unlawfully in the apartment on July 13, 2018. The warrant alleged that he kicked in the door and damaged several items in the apartment, including some items belonging to Shoemaker.

Rollin was indicted for burglary in the second degree and for violating the provisions of the EPO. On January 29, 2019, he entered a plea of guilty to the

charges. He received a sentence of five years for the burglary charge and twelve months for the violation of EPO charge, to be run concurrently for a total sentence of five years, probated for five years.

On November 25, 2019, Rollin filed a motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42, alleging his attorneys were ineffective for failing to present evidence that would have resulted in the dismissal of his case: specifically, the testimony of eyewitnesses that he was not in the area when the alleged burglary took place and a copy of the apartment lease showing he was a resident.

On January 13, 2020, Rollin filed a motion to vacate judgment pursuant to CR 60.02(f), claiming his arrest was invalid because the arrest warrant was unsigned.

On February 4, 2020, following a hearing, Rollin's probation was revoked for committing a new felony offense and for his admission to continuing methamphetamine use and manipulation of court-ordered treatment.

On October 6, 2021, the trial court entered an order denying Rollin's RCr 11.42 and CR 60.02(f) motions. Rollin appealed from the order but did not file an appellant's brief. This Court provided him with additional time to file a motion for extension of time and tender the brief, but he failed to do so, and his appeal was dismissed.

On April 28, 2022, Rollin filed his second CR 60.02(f) motion, which is the subject of the present appeal. He repeated the claim made in his RCr 11.42 motion that he was entitled to extraordinary relief because he could not have been convicted of burglarizing his own home. The trial court denied the motion on the grounds that Rollin was not legally allowed to enter the home under the terms of his EPO, and he intended to commit a crime upon entering the apartment. The trial court further held that the motion was procedurally barred because Rollin could have raised the present arguments in his previous CR 60.02 motion and in his RCr 11.42 motion. This appeal by Rollin followed.

## STANDARD OF REVIEW

We review the denial of a CR 60.02 motion for an abuse of discretion. *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999) (citations omitted). Absent a "flagrant miscarriage of justice[,]" we will affirm the trial court. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## ANALYSIS

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized

-4-

and complete.  That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Id.* at 856.  CR 60.02 motions are limited to afford special and extraordinary relief not available in other proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky.1997).

CR 60.02 was enacted as a statutory codification of the common law writ of *coram nobis*.  *Gross*, 648 S.W.2d at 856.  The purpose of *coram nobis* was to bring pronounced judgment errors before the court which (1) had not been heard or litigated, (2) were not known or could not have been known by the party through the exercise of due diligence, or (3) the party was prevented from presenting due to duress, fear, or some other sufficient cause.  *Id.*

The Kentucky Supreme Court "has attempted to make abundantly clear . . . that CR 60.02 and RCr 11.42 motions are not to be used to relitigate previously determined issues."  *Baze v. Commonwealth*, 276 S.W.3d 761, 766 (Ky. 2008).  CR 60.02 "is for relief that is not available by direct appeal and not available under RCr 11.42."  *Gross*, 648 S.W.2d at 856.  It is not intended to afford a defendant a "second bite at the apple." *Id.* at 857.

The trial court determined that Rollin's motion was procedurally barred because (1) Rollin previously litigated the claim that he could not have burglarized his own apartment in his unsuccessful RCr 11.42 motion; and (2) he could have raised the claim in his previous CR 60.02 motion.  Rollin nonetheless

-5-

argues that it is not barred because his previous CR 60.02 motion was brought under CR 60.02(e) rather than CR 60.02(f). This argument is without merit. Our review of the record indicates his prior motion was brought under section (f), not section (e). In any event, the proper inquiry is whether he could have raised his current claim in the earlier CR 60.02 motion under any subsection. Without a doubt, it could have been raised in that earlier motion and therefore does not merit extraordinary relief. "[A] defendant is precluded from raising claims which were, or reasonably could have been, raised in prior proceedings." *Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky. App. 2021) (citing *Gross*, 648 S.W.2d at 857).

Rollin's motion is also without substantive merit. "A person is guilty of burglary in the second degree when, with the intent to commit a crime, he or she knowingly enters or remains unlawfully in a dwelling." Kentucky Revised Statutes (KRS) 511.030(1). Rollin claims he did not go back to the apartment that day; he could lawfully be inside the apartment because he was on the lease; and it could not be shown he intended to commit a crime in the apartment because he could not illegally destroy his own property. Essentially, he is arguing that there was insufficient evidence to support the burglary charge. But because Rollin entered a valid plea of guilty to the charge, he cannot challenge its evidentiary basis.

Entry of a voluntary, intelligent plea of guilty has long been held by Kentucky Courts to preclude a post-judgment challenge to the sufficiency of the evidence. The reasoning behind such a conclusion is obvious. A defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged. By such an admission, a convicted appellant forfeits the right to protest at some later date that the state could not have proven that he committed the crimes to which he pled guilty.

*Taylor v. Commonwealth*, 724 S.W.2d 223, 225 (Ky. App. 1986) (citations omitted).

Furthermore, there is no dispute that at the time he committed the burglary, Rollin was subject to an EPO that prohibited him from being within 500 feet of the apartment. Rollin's reliance on *Hedges v. Commonwealth*, 937 S.W.2d 703 (Ky. 1996), is misplaced. In *Hedges*, the appellant was charged with burglary after his wife let him into her apartment and he grabbed her by the neck after discovering another man was there. At the time, the appellant was subject to a domestic violence order (DVO) forbidding him from committing acts of violence against his estranged wife or disposing of or damaging the couple's property. The DVO did not contain a "no contact" provision and the appellant frequently had contact with his wife regarding their child and with her permission spent the night at her apartment on several occasions. *Hedges*, 937 S.W.2d at 704-05. *Hedges* held that it would have been unreasonable for a jury to find the appellant guilty of

-7-

burglary under this set of facts because "misconduct or criminal conduct does not become burglary solely by reason of commission of the act on the property of another." *Id*. at 707. In other words, "misconduct by one rightfully on the premises should not convert that conduct into burglary[.]" *Robey v. Commonwealth*, 943 S.W.2d 616, 620 (Ky. 1997) (citing *Hedges*, 937 S.W.2d 703). By contrast, the EPO in Rollin's case expressly prohibited him from entering the apartment. The EPO was in effect on the date the burglary was committed. Consequently, Rollin was not rightfully on the premises, regardless of whether he was named on the lease.

This conclusion is fully in accordance with two unpublished opinions cited by Rollin: *Farmer v. Commonwealth*, No. 2011-CA-001412-MR, 2012 WL 5042119 (Ky. App. Oct. 19, 2012), *not to be published, rev'd*, No. 2012-SC-000756-DG, 2014 WL 5410235 (Ky. Oct. 23, 2014), and *Taylor v. Commonwealth*, No. 2021-CA-0346-MR, 2023 WL 2618124 (Ky. App. Mar. 24, 2023). In *Farmer*, the Court of Appeals held that Farmer's counsel was ineffective for failing to raise the defense that he was a tenant-at-will of a cabin he was charged with burglarizing; the Kentucky Supreme Court reversed on the grounds that counsel was not ineffective for failing to raise a novel defense that had never been raised before in Kentucky, explaining: "It is difficult to comprehend how the failure to assert a tenant-at-will defense – the viability of which is still an open

question – can ever constitute deficient performance." *Commonwealth v. Farmer*, No. 2012-SC-000756-DG, 2014 WL 5410235, at *4 (Ky. Oct. 23, 2014).  In *Taylor*, the appellant lived in an apartment he shared with his daughter and his name was on the rental agreement of a television he was charged with unlawfully removing from the residence.  This Court held that "[i]f Taylor did, in fact, reside with his daughter and had permission to be in her apartment, Taylor could not have committed second-degree burglary[.]" *Taylor*, 2023 WL 2618124, at *3.  Each of these cases is clearly distinguishable from Rollin's because neither Farmer nor Taylor was subject to an EPO or DVO forbidding them from entering the premises they were charged with burglarizing.

For the foregoing reasons, the order denying Rollin's CR 60.02 motion is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Timothy Rollin, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Bryan D. Morrow
Deputy Solicitor General
Frankfort, Kentucky